IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>EDWARD C. SARVEY<br>and<br>DAVID G. SKLENA,<br>　　　　Defendants;<br><br>LAWRENCE-BONFITTO TRADING COMPANY<br>and<br>JOSEPH J. BONFITTO,<br>　　　　Relief Defendants. | No. 08 CIV 192<br><br><br>District Judge Kendall<br><br>Magistrate Ashman |

CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS EDWARD C. SARVEY AND DAVID G. SKLENA

I.

INTRODUCTION

On January 9, 2008, Plaintiff Commodity Futures Trading Commission ("Commission") filed a Complaint against Defendants Edward C. Sarvey ("Sarvey") and David G. Sklena ("Sklena") (collectively "Defendants"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et seq.* (2002) and the Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1 *et. seq.* (2007).

Sarvey and Sklena, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state

that the consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce them to consent to this Order.

## II.

## FINDINGS

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1.  This Court has jurisdiction over the subject matter of this action and Defendants Sarvey and Sklena hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2.  Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, in that Defendants Sarvey and Sklena are found in, inhabit, or transact business in this district, and the acts and practices alleged to be in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3.  Defendants enter their appearances and acknowledge receipt of the Summons and Complaint.

4.  Defendants waive the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

### III.

### RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

1. The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

   A. Cheating, defrauding or deceiving or attempting to cheat, defraud or deceive other persons in or in connection with any order to make, or the making of any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Section 4b(a)(2)(i) and (iii) of the Act; 7 U.S.C. § 6b(a)(2)(i) and (iii);

   B. Bucketing or filling any order by offset against the order or orders of any other person, or willfully and knowingly and without the prior consent of any person, becoming the buyer in respect to any selling order of such person or becoming the seller in respect to any buying order of such person, in violation of Section 4b(a)(2)(iv) of the Act, 7 U.S.C. § 6b(a)(2)(iv).

   C. Failing to execute the purchases and sales of commodity futures and options contracts openly and competitively by open outcry or posting of bids and offers or by other equally open and competitive methods, in violation of Commission Regulation 1.38(a), 17 C.F.R. § 1.38(a).

2. Defendant Sklena and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Sklena and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Sklena, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

   A. Offering to enter into, entering into or confirming the execution of any transaction that is, is of the character of, or is commonly know to the trade as an "accommodation trade" involving the purchase or sale of any commodity for future delivery, in violation of Section 4c(a) of the Act, 7 U.S.C. § 6c(a).

3. The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    A. Destroying, mutilating, concealing, altering or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendants, wherever located, including all such records concerning the Defendants' business operations; and

    B. Refusing to permit authorized representatives of the Commission to inspect, when and as requested by those representatives, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendants, wherever located, including all such records concerning Defendants' business operations.

    C. Transferring, selling, or disposing of, in any manner, any membership interests in the CME Group, Inc.

4. The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    A. Engaging in, controlling, or directing the trading of any commodity futures or options account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

    B. Soliciting, receiving or accepting any funds from any person in connection with the purchase or sale of any commodity futures or options and/or using any funds received from third parties for the purpose of trading commodity futures or options;

    C. Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29); entering into any commodity futures or options transaction for any personal account of

Sarvey or Sklena, or for any account in which either Sarvey or Sklena has a direct or indirect interest unless their activities are restricted to electronic trading off of the trading floor, and are subject to a supervision agreement in a form acceptable to the parties and the Court, executed and submitted to the Commission by a Commission registrant or a principal of a Commission registrant ("Sponsor") through whom they will trade. Immediately upon the Sponsor's ceasing to serve as Sarvey and/or Sklena's Sponsor, Sarvey and/or Sklena shall stop trading until their activities are once again subject to a supervision agreement in a form acceptable to the parties and the Court and executed and submitted to the Commission by a qualified Sponsor.

5.   The Defendants shall prepare, sign and file with the Court, within 20 days, a complete and accurate accounting of their current assets, and shall prepare, sign and file with the Court, within 45 days, a complete and accurate accounting for the period of January 9, 2008, to the date of such accounting, which shall be no earlier than the date of this Order. Such accountings shall include, without limitation, the identification of:

   A.   All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by the Defendants, whether individually or jointly, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States;

   B.   All funds, securities, commodity interests, assets and other property received directly or indirectly by the Defendants, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States;

   C.   All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by the Defendants, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States; and

   D.   The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by the Defendants.

6. The injunctive provisions of this Order shall be binding on the Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of the Defendant and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with the Defendants.

7. The Defendants are directed to allow representatives of the Commission, when and as requested by those representatives, to inspect the books, records and other electronically stored data, tape recordings, and other documents of the Defendants and their agents, including all such records of their business operations, wherever they are situated and whether they are in the hands of the Defendants or others, and to copy said documents, data, and records either on or off the premises where they may be located.

8. It is further ordered that copies of this Order may be served by any means, including facsimile transmission and Federal Express, upon any or other entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order. Judith McCorckle, William Heitner, Cynthia Cannon, and Venice Bickham, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

9. This Order shall remain in effect until further order of the Court, and the Court *or until final judgment in this matter.*

6

shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

IT IS SO ORDERED.

DATED: ___2-15___, 2008

_____
The Honorable Virginia Kendall
United States District Court Judge

CONSENTED TO AND APPROVED BY:

_____
Lisa Tharpe
Foley & Lardner
Attorney for Defendants Edward C. Sarvey and David G. Sklena
321 North Clark Street
Suite 2800
Chicago, Illinois 60610
(312) 832-4352
(312) 832-4700 (facsimile)

Dated: February 15, 2008

_____
Camille M. Arnold
Attorney for Plaintiff Commodity Futures Trading Commission
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0524
(312) 596-0714 (facsimile)

Dated 2/15, 2008