## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | No. 08  C O192 |
| Plaintiff, | ) ) | Judge Kendall |
| v. | ) ) | Magistrate Judge Ashman |
| EDWARD C. SARVEY and DAVID G. SKLENA, | ) ) ) | |
| Defendants, | ) ) | |
| LAWRENCE-BONFITTO TRADING COMPANY, | ) ) | |
| and | ) ) | |
| JOSEPH J. BONFITTO, | ) ) | |
| Relief Defendants. | ) ) | |

## DEFENDANT DAVID SKLENA'S MOTION FOR CLARIFICATION OF CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

Defendant David G. Sklena ("Sklena"), by and through his attorneys, Foley & Lardner LLP, respectfully requests that this Court interpret its Consent Order for Preliminary Injunction and Other Equitable Relief Against Edward C. Sarvey and David G. Sklena (the "Consent Order"), which was approved and entered by this Court on February 15, 2008.  In particular, Mr. Sklena seeks clarification that Paragraph II.3.C. of the Consent Order does not contemplate a freeze of any assets of Mr. Sklena, other than any ownership interests that he may have had in the CME Group, Inc. as of February 15, 2008, the date the Consent Order was entered by this Court and does not preclude the distribution to Mr. Sklena of any positive balance remaining in his trading account.  In further support of his Motion, Mr. Sklena states as follows:

**INTRODUCTION**

On February 15, 2008, this Court entered and approved the Consent Order, which resolved Plaintiff U.S. Commodities Future Trading Commission's (the "CFTC") Motion for a Preliminary Injunction against Defendants Mr. Sarvey and Mr. Sklena ("Motion for Preliminary Injunction"). In negotiating the Consent Order, Mr. Sklena represented to the CFTC that, shortly after the CFTC publicized the filing of this lawsuit on January 9, 2008, his clearing firm, Fortis Clearing Americas, LLC ("Fortis"), terminated its relationships with him and sold his "seat" or membership in the Commodities Mercantile Exchange (the "CME") to cover his existing trading debits.[1] Since that time, Mr. Sklena has not been able to associate with another clearing firm, due in part to the existence of this lawsuit. As a result, Mr. Sklena's assets and income have been greatly diminished. Presumably in light of these facts, in resolving of the CFTC's Motion for Preliminary Injunction, the CFTC agreed not to seek an asset freeze against Mr. Sarvey or Mr. Sklena. However, notwithstanding Mr. Sklena's disclosure that his seat already had been sold, the CFTC insisted on the inclusion of a provision in the Consent Order forbidding Mr. Sarvey and Mr. Sklena from selling any membership interests they may have in the CME Group. (Consent Order, at 4, ¶ 3.C.)[2]

Following the entry of the consent order, Mr. Sklena contacted Fortis to close his trading account. He was informed that the proceeds from the sale of his CME membership had exceeded his trading debit and, as a result, there was a positive balance in his account amounting to less than $10,000. However, Fortis refused to distribute the proceeds from his account due to

---

[1] Fortis likewise terminated its relationship with Defendant Edward Sarvey and sold Mr. Sarvey's seat to cover his trading debit.

[2] A true and correct copy of the Consent Order is attached hereto as <u>Exhibit A</u>.

a February 25, 2008 written directive from the CFTC, which represented to Fortis that Mr. Sklena's assets were frozen pursuant to the Consent Order and directed Fortis not to release the funds to Mr. Sklena. The CFTC did not provide notice to Mr. Sklena of this written directive. Despite a written request from Mr. Sklena's counsel explaining that the sale of Mr. Sklena's membership occurred prior to even the beginning of negotiations regarding the Consent Order, let alone its entry, and requesting that the CFTC allow Fortis to release the funds to Mr. Sklena, the CFTC has refused to do so.

## ANALYSIS

1.      As of mid-January 2008, Mr. Sklena worked as a proprietary trader on the trading floor of the Chicago Board of Trade, now the Chicago Mercantile Exchange or CME Group, Inc. On January 9, 2008, the CFTC filed its Complaint and Motion for Preliminary Injunction against Mr. Sarvey and Mr. Sklena. Mr. Sklena's conduct at issue in the Complaint surrounds trading that occurred during the morning of April 2, 2004.

2.      Shortly after the CFTC filed the Complaint and issued the accompanying press release, Mr. Sklena's clearing firm, Fortis, terminated its relationship with him. At the time, Mr. Sklena had incurred a substantial trading debit. On approximately January 15, 2008, Fortis exercised its right to sell Mr. Sklena's trading membership in the CME to cover Mr. Sklena's trading debit. Fortis has represented to Mr. Sklena that a positive balance of less than $10,000 remains in his account, following the application of the proceeds from his CME membership liquidation.

3.      In its Motion for Preliminary Injunction, the CFTC sought a statutory injunction against further violations of the Commodity Exchange Act (the "Act") and the

destruction or alteration of any evidence relating to the litigation. It also sought the imposition of an asset freeze. (CFTC's Brief in Support of Motion for Preliminary Injunction at 28)

4.    Following the presentment of the CFTC's Motion for Preliminary Injunction on January 24, 2008, Mr. Sklena and Mr. Sarvey entered into discussions with the CFTC for a consent order. During the parties negotiations regarding the Consent Order, counsel for Mr. Sklena made it clear that Mr. Sklena would be agreeable to the relief sought in the Motion for Preliminary Injunction with the exception of the asset freeze. Indeed, the combination of Mr. Sklena's trading losses, the sale of his CME membership, and his inability to trade having lost his clearing firm caused a devastating financial blow for Mr. Sklena and jeopardized his ability to support his family. As a result, with no employment or other source of income, it was critical to Mr. Sklena that no asset freeze be imposed.

5.    Indeed, during the negotiations with the CFTC, counsel for Mr. Sklena disclosed to counsel for the CFTC that Fortis had terminated its relationship with Mr. Sklena and sold Mr. Sklena's CME seat to offset his trading debit. The CFTC nevertheless insisted on including language in the Consent Order precluding Mr. Sarvey and Mr. Sklena from selling their respective membership interests in the CME. (Exhibit A, Consent Order at 4, ¶ 3.C.) At no time during the parties' negotiations were Mr. Sarvey or Mr. Sklena in possession of any membership interests in the CME.

6.    Following a lengthy negotiation process, the CFTC consented to the removal of any asset freeze provisions, and the Consent Order was entered by this Court on February 15, 2008.

7.    Shortly following the entry of the Consent Order, Mr. Sklena contacted Fortis to withdraw the balance of his trading account. Fortis refused to remit the balance of Mr. Sklena's account to him, citing a written notice from the CFTC that Mr. Sklena's assets had been frozen by this Court. A true and correct copy of the February 25, 2008 Letter is attached hereto as Exhibit B.

8.    Specifically, on February 25, 2008, the CFTC transmitted a copy of the Consent Order together with correspondence which directed Fortis not to release the funds to Mr. Sklena. (Exhibit B) The February 25, 2008 letter further states that Mr. Sklena's assets had been frozen pursuant to this Court's order. Specifically, the February 25, 2008 letter references page 4 of the Consent Order as imposing a freeze on Mr. Sklena's assets. (*Id.*)

9.    The plain language of Paragraph III.3.C. of the Consent Order is unambiguous and does not contemplate a freeze of these assets. While Paragraph III.3.C of the Consent Order does prohibit Mr. Sklena from "[t]ransferring, selling, or disposing of, in any manner, any membership interests in the CME Group, Inc.", on its face, this provision does not preclude the distribution of proceeds from a previously-liquidated membership interest in the CME.

10.    As the CFTC was aware, Mr. Sklena owned *no membership interests* in the CME at the time that the Consent Order was entered by the court. As a result, it is impossible for Mr. Sklena to have "transferred, sold, or disposed of" a membership interest that he did not own and that, indeed, no longer existed.

11.    Moreover, Mr. Sklena played no role in the sale of his membership interest. Rather, Fortis sold his membership interest without regard to Mr. Sklena's wishes when it learned of this proceeding and terminated its relationship with him as his clearing firm.

12.    On February 27, 2008, counsel for Mr. Sklena documented its objections to the position taken by the CFTC in its February 25, 2008 letter. A true and correct copy of Lisa L. Tharpe's February 27, 2008 letter to Camille Arnold of the CFTC is attached hereto as <u>Exhibit C</u>. In response to the February 27, 2008 letter, the CFTC reiterated its position that Paragraph III.3.C of the Consent Order caused the funds in Mr. Sklena's trading account to be frozen. A true and correct copy of the CFTC's February 28, 2008 letter is attached hereto as <u>Exhibit D</u>.

13.    There is nothing in the Consent Order that would preclude Mr. Sklena from receiving the funds that remain in his Fortis trading account. Therefore, the funds should be released to Mr. Sklena immediately.

WHEREFORE, Mr. Sklena respectfully requests that this Court enter an Order that:

(1) Interprets and clarifies that the Consent Order does not contemplate a freeze of any of David G. Sklena's assets other than any interests in the CME Group, Inc. that may have existed at the time of the entry of the Consent Order; and

(2) Grants any further relief that this Court deems just and proper.

Dated:  March 21, 2008

Respectfully submitted,

**DEFENDANT DAVID G. SKLENA**


By:   s/ Lisa L. Tharpe
         One Of His Attorneys

Scott E. Early (No. 0706485)
Lisa L. Tharpe (No. 6256765)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, Illinois  60601
Telephone:  312/832-4500
Facsimile:   312/832-4700



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,**<br>　　　　　　**Plaintiff,**<br><br>　　　　　v.<br><br>**EDWARD C. SARVEY**<br>　　　**and**<br>**DAVID G. SKLENA,**<br>　　　　　　**Defendants;**<br><br>**LAWRENCE-BONFITTO TRADING COMPANY**<br>　　　**and**<br>**JOSEPH J. BONFITTO,**<br>　　　　　　**Relief Defendants.** | **No. 08 CIV 192**<br><br>**District Judge Kendall**<br><br>**Magistrate Ashman** |

## CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS EDWARD C. SARVEY AND DAVID G. SKLENA

### I.

### INTRODUCTION

On January 9, 2008, Plaintiff Commodity Futures Trading Commission ("Commission") filed a Complaint against Defendants Edward C. Sarvey ("Sarvey") and David G. Sklena ("Sklena") (collectively "Defendants"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et seq.* (2002) and the Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1 *et. seq.* (2007).

Sarvey and Sklena, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state



**EXHIBIT**

A

that the consent is entered voluntarily and that no promise or threat has been made by the

Commission or any member, officer, agent or representative thereof, to induce them to consent

to this Order.

## II.

## FINDINGS

## THE PARTIES AGREE AND THE COURT FINDS THAT:

1.   This Court has jurisdiction over the subject matter of this action and Defendants

Sarvey and Sklena hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes

the CFTC to seek injunctive relief against any person whenever it shall appear that such person

has engaged, is engaging or is about to engage in any act or practice constituting a violation of

any provision of the Act or any rule, regulation or order thereunder.

2.   Venue properly lies with this Court pursuant to Section 6c of the Act,

7 U.S.C. § 13a-1, in that Defendants Sarvey and Sklena are found in, inhabit, or transact

business in this district, and the acts and practices alleged to be in violation of the Act have

occurred, are occurring, or are about to occur within this district, among other places.

3.   Defendants enter their appearances and acknowledge receipt of the Summons and

Complaint.

4.   Defendants waive the entry of findings of facts and conclusions of law for

purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## III.

## RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

1.     The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

      A.  Cheating, defrauding or deceiving or attempting to cheat, defraud or deceive other persons in or in connection with any order to make, or the making of any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Section 4b(a)(2)(i) and (iii) of the Act; 7 U.S.C. § 6b(a)(2)(i) and (iii);

      B.  Bucketing or filling any order by offset against the order or orders of any other person, or willfully and knowingly and without the prior consent of any person, becoming the buyer in respect to any selling order of such person or becoming the seller in respect to any buying order of such person, in violation of Section 4b(a)(2)(iv) of the Act, 7 U.S.C. § 6b(a)(2)(iv).

      C.  Failing to execute the purchases and sales of commodity futures and options contracts openly and competitively by open outcry or posting of bids and offers or by other equally open and competitive methods, in violation of Commission Regulation 1.38(a), 17 C.F.R. § 1.38(a).

2.     Defendant Sklena and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Sklena and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Sklena, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

      A.  Offering to enter into, entering into or confirming the execution of any transaction that is, is of the character of, or is commonly know to the trade as an "accommodation trade" involving the purchase or sale of any commodity for future delivery, in violation of Section 4c(a) of the Act, 7 U.S.C. § 6c(a).

3

3.    The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    A. Destroying, mutilating, concealing, altering or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendants, wherever located, including all such records concerning the Defendants' business operations; and

    B. Refusing to permit authorized representatives of the Commission to inspect, when and as requested by those representatives, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendants, wherever located, including all such records concerning Defendants' business operations.

    C. Transferring, selling, or disposing of, in any manner, any membership interests in the CME Group, Inc.

4.    The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    A.    Engaging in, controlling, or directing the trading of any commodity futures or options account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

    B.    Soliciting, receiving or accepting any funds from any person in connection with the purchase or sale of any commodity futures or options and/or using any funds received from third parties for the purpose of trading commodity futures or options;

    C.    Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29); entering into any commodity futures or options transaction for any personal account of

Sarvey or Sklena, or for any account in which either Sarvey or Sklena has a direct or indirect interest unless their activities are restricted to electronic trading off of the trading floor, and are subject to a supervision agreement in a form acceptable to the parties and the Court, executed and submitted to the Commission by a Commission registrant or a principal of a Commission registrant ("Sponsor") through whom they will trade. Immediately upon the Sponsor's ceasing to serve as Sarvey and/or Sklena's Sponsor, Sarvey and/or Sklena shall stop trading until their activities are once again subject to a supervision agreement in a form acceptable to the parties and the Court and executed and submitted to the Commission by a qualified Sponsor.

5.    The Defendants shall prepare, sign and file with the Court, within 20 days, a complete and accurate accounting of their current assets, and shall prepare, sign and file with the Court, within 45 days, a complete and accurate accounting for the period of January 9, 2008, to the date of such accounting, which shall be no earlier than the date of this Order. Such accountings shall include, without limitation, the identification of:

A.    All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by the Defendants, whether individually or jointly, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States;

B.    All funds, securities, commodity interests, assets and other property received directly or indirectly by the Defendants, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States;

C.    All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by the Defendants, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States; and

D.    The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by the Defendants.

6. The injunctive provisions of this Order shall be binding on the Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of the Defendant and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with the Defendants.

7. The Defendants are directed to allow representatives of the Commission, when and as requested by those representatives, to inspect the books, records and other electronically stored data, tape recordings, and other documents of the Defendants and their agents, including all such records of their business operations, wherever they are situated and whether they are in the hands of the Defendants or others, and to copy said documents, data, and records either on or off the premises where they may be located.

8. It is further ordered that copies of this Order may be served by any means, including facsimile transmission and Federal Express, upon any or other entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order. Judith McCorckle, William Heitner, Cynthia Cannon, and Venice Bickham, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

9. This Order shall remain in effect until further order of the Court and the Court or until final judgment in this matter.

6

shall retain jurisdiction over this action to ensure compliance with this Order and for all other

purposes related to this action.


IT IS SO ORDERED.


DATED: _____2-15_____, 2008                    _____
                                               The Honorable Virginia Kendall
                                               United States District Court Judge


CONSENTED TO AND APPROVED BY:

_____                 _____
Lisa Tharpe                                    Camille M. Arnold
Foley & Lardner                                Attorney for Plaintiff Commodity Futures
Attorney for Defendants Edward C. Sarvey and   Trading Commission
David G. Sklena                                Commodity Futures Trading Commission
321 North Clark Street                         525 West Monroe Street, Suite 1100
Suite 2800                                     Chicago, Illinois 60661
Chicago, Illinois 60610                        (312) 596-0524
(312) 832-4352                                 (312) 596-0714 (facsimile)
(312) 832-4700 (facsimile)


Dated: _February 15_, 2008          Dated _2/15_____, 2008



**U.S. COMMODITY FUTURES TRADING COMMISSION**
525 West Monroe Street, Suite 1100
Chicago, IL 60661
Tel.: 312-596-0700
Fax: 312-596-0714

## *FACSIMILE TRANSMISSION*

**February 25, 2008**

TO:     **Michael Deaton**
Fortis Clearing Americas LLC

FACSIMILE NO.:  (312) 604-8113

FROM:     **Cynthia Cannon**
**Futures Trading Specialist**
Tel. (312) 596-0550

NUMBER OF PAGES (including cover sheet):

SUBJECT/COMMENTS:

    **Consent Order of Preliminary Injunction and Other Equitable Relief
Against Defendants Edward C. Sarvey and David G. Sklena
U.S. CFTC v. Edward C. Sarvey and David G. Sklena
Civil Action No. 08-cv-0192 (N. Dist. of IL)**

*Important notice:* *This facsimile transmission is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and/or exempt from disclosure under applicable law. If you are not the intended recipient of this information or an employee or agent responsible for delivering it to the intended recipient, please be advised that any dissemination, distribution, or copying of this communication is strictly prohibited.*



EXHIBIT
B



## U.S. COMMODITY FUTURES TRADING COMMISSION

525 West Monroe Street
Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0700
Facsimile: (312) 596-0714

Division of
Enforcement

February 25, 2008

Via Federal Express

Michael Deaton
Fortis Clearing Americas, LLC
175 W. Jackson
4th Floor
Chicago, IL 60604

Re:  **Consent Order of Preliminary Injunction and Other Equitable Relief
Against Defendants Edward C. Sarvey and David G. Sklena
U.S. CFTC v. Edward C. Sarvey and David G. Sklena
Civil Action No. 08-cv-0192 (N. Dist. of IL)**

Dear Mr. Deaton:

Please be advised that the Commodity Futures Trading Commission filed a Complaint for Injunctive and other Equitable Relief and for Civil Penalties Under the Commodity Exchange Act against Edward C. Sarvey and David G. Sklena in the United States District Court for the Northern District of Illinois on January 9, 2008.

The Honorable Virginia Kendall entered a Consent Order of Preliminary Injunction and Other Ancillary Relief Against Defendants Edward C. Sarvey and David G. Sklena ("Order") on February 15, 2008 freezing certain assets in the name of or under the control of the above captioned Defendants. A copy of such order is hereby served upon you. The Order prohibits the Defendants from transferring, selling, or disposing of, in any manner, any membership interest in the CME Group, Inc. *(Order, page 4)*.

Pursuant to the attached order, we request that all relevant records be reviewed and *all assets within the scope of the asset freeze be frozen* in accordance with the court order. After implementing the freeze, please send us a confirmation of the execution of the asset freeze upon each such asset, and please identify the value of the frozen assets.

Thank you for your prompt attention to this matter and your continued assistance.  Please feel free to call Senior Trial Attorney Camille M. Arnold at 312-596-0524 or Senior Investigator Judith McCorkle at 312-596-0540 if you have any questions.

Sincerely,

Cynthia D. Cannon
*Futures Trading Specialist*
*312-596-0550*

Enclosure:     Consent Order of Preliminary Injunction and Asset Freeze



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br>Plaintiff,<br><br>v.<br><br>EDWARD C. SARVEY<br>and<br>DAVID G. SKLENA,<br>Defendants;<br><br>LAWRENCE-BONFITTO TRADING COMPANY<br>and<br>JOSEPH J. BONFITTO,<br>Relief Defendants. | No. 08 CIV 192<br><br>District Judge Kendall<br><br>Magistrate Ashman |

## CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS EDWARD C. SARVEY AND DAVID G. SKLENA

### I.

### INTRODUCTION

On January 9, 2008, Plaintiff Commodity Futures Trading Commission ("Commission") filed a Complaint against Defendants Edward C. Sarvey ("Sarvey") and David G. Sklena ("Sklena") (collectively "Defendants"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002) and the Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1 et. seq. (2007).

Sarvey and Sklena, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state

that the consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce them to consent to this Order.

## II.

## FINDINGS

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1.    This Court has jurisdiction over the subject matter of this action and Defendants Sarvey and Sklena hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2.    Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, in that Defendants Sarvey and Sklena are found in, inhabit, or transact business in this district, and the acts and practices alleged to be in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3.    Defendants enter their appearances and acknowledge receipt of the Summons and Complaint.

4.    Defendants waive the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

2

### III.

### RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

1.    The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

- A. Cheating, defrauding or deceiving or attempting to cheat, defraud or deceive other persons in or in connection with any order to make, or the making of any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Section 4b(a)(2)(i) and (iii) of the Act; 7 U.S.C. § 6b(a)(2)(i) and (iii);

- B. Bucketing or filling any order by offset against the order or orders of any other person, or willfully and knowingly and without the prior consent of any person, becoming the buyer in respect to any selling order of such person or becoming the seller in respect to any buying order of such person, in violation of Section 4b(a)(2)(iv) of the Act, 7 U.S.C. § 6b(a)(2)(iv).

- C. Failing to execute the purchases and sales of commodity futures and options contracts openly and competitively by open outcry or posting of bids and offers or by other equally open and competitive methods, in violation of Commission Regulation 1.38(a), 17 C.F.R. § 1.38(a).

*[handwritten margin note: - not allowed to trade w/ either S or S.]*

2.    Defendant Sklena and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Sklena and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Sklena, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

- A. Offering to enter into, entering into or confirming the execution of any transaction that is, is of the character of, or is commonly know to the trade as an "accommodation trade" involving the purchase or sale of any commodity for future delivery, in violation of Section 4c(a) of the Act, 7 U.S.C. § 6c(a).

3.      The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

> A.  Destroying, mutilating, concealing, altering or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendants, wherever located, including all such records concerning the Defendants' business operations; and
>
> B.  Refusing to permit authorized representatives of the Commission to inspect, when and as requested by those representatives, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendants, wherever located, including all such records concerning Defendants' business operations.
>
> C.  Transferring, selling, or disposing of, in any manner, any membership interests in the CME Group, Inc.

4.      The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

> A.  Engaging in, controlling, or directing the trading of any commodity futures or options account for or on behalf of any other person or entity, whether by power of attorney or otherwise;
>
> B.  Soliciting, receiving or accepting any funds from any person in connection with the purchase or sale of any commodity futures or options and/or using any funds received from third parties for the purpose of trading commodity futures or options;
>
> C.  Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29); entering into any commodity futures or options transaction for any personal account of

Case 1:08-cv-00192    Document 41    Filed 02/15/2008    Page 5 of 7

Sarvey or Sklena, or for any account in which either Sarvey or Sklena has a direct or indirect interest unless their activities are restricted to electronic trading off of the trading floor, and are subject to a supervision agreement in a form acceptable to the parties and the Court, executed and submitted to the Commission by a Commission registrant or a principal of a Commission registrant ("Sponsor") through whom they will trade. Immediately upon the Sponsor's ceasing to serve as Sarvey and/or Sklena's Sponsor, Sarvey and/or Sklena shall stop trading until their activities are once again subject to a supervision agreement in a form acceptable to the parties and the Court and executed and submitted to the Commission by a qualified Sponsor.

5.    The Defendants shall prepare, sign and file with the Court, within 20 days, a complete and accurate accounting of their current assets, and shall prepare, sign and file with the Court, within 45 days, a complete and accurate accounting for the period of January 9, 2008, to the date of such accounting, which shall be no earlier than the date of this Order. Such accountings shall include, without limitation, the identification of:

*Accounting to all is due*

A.    All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by the Defendants, whether individually or jointly, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States;

B.    All funds, securities, commodity interests, assets and other property received directly or indirectly by the Defendants, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States;

C.    All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by the Defendants, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States; and

D.    The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by the Defendants.

6.      The injunctive provisions of this Order shall be binding on the Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of the Defendant and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with the Defendants.

7.      The Defendants are directed to allow representatives of the Commission, when and as requested by those representatives, to inspect the books, records and other electronically stored data, tape recordings, and other documents of the Defendants and their agents, including all such records of their business operations, wherever they are situated and whether they are in the hands of the Defendants or others, and to copy said documents, data, and records either on or off the premises where they may be located.

8.      It is further ordered that copies of this Order may be served by any means, including facsimile transmission and Federal Express, upon any or other entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order.  Judith McCorckle, William Heitner, Cynthia Cannon, and Venice Bickham, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

9.      This Order shall remain in effect until further order of the Court and the Court

*or until final judgment in this matter.*

6

shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

IT IS SO ORDERED.

DATED: _2-15_____, 2008

_____
THE Honorable Virginia Kendall
United States District Court Judge

CONSENTED TO AND APPROVED BY:

_____
Lisa Tharpe
Foley & Lardner
Attorney for Defendants Edward C. Sarvey and
David G. Sklena
321 North Clark Street
Suite 2800
Chicago, Illinois 60610
(312) 832-4352
(312) 832-4700 (facsimile)

_____
Camille M. Arnold
Attorney for Plaintiff Commodity Futures
Trading Commission
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0524
(312) 596-0714 (facsimile)

Dated: _February 15_, 2008            Dated _2/15_____, 2008

7



**FOLEY**

FOLEY & LARDNER LLP

**ATTORNEYS AT LAW**

321 NORTH CLARK STREET, SUITE 2800
CHICAGO, IL 60610-4764
312.832.4500 TEL
312.832.4700 FAX
foley.com

WRITER'S DIRECT LINE
312.832.5175
ltharpe@foley.com EMAIL

CLIENT/MATTER NUMBER
051298-0104

February 27, 2008

<u>VIA E-MAIL AND U.S. MAIL</u>

Ms. Camille M Arnold
Ms. Cynthia D. Cannon
Commodity Futures Trading Commission
525 W. Monroe St., Suite 1100
Chicago, Illinois 60661

Re:    U.S. Commodity Futures Trading Commission v. Sarvey, et al.;
Case No. 08 Civ. 192

Dear Camille and Cynthia:

We received from Fortis Clearing Americas, LLC ("Fortis") your correspondence dated February 25, 2008 representing to Fortis that the court in the above-referenced proceeding has issued an order freezing certain of Mr. Sklena's assets. Your letter references page 4 of the Consent Order entered on February 15, 2008. We respectfully disagree that page 4 of the Consent Order directs that Mr. Sklena's assets be frozen. On the contrary, language referencing any freezing of assets was specifically removed from the Consent Order during the negotiations between the parties.

In light of the Consent Order's lack of any language regarding an asset freeze, we are troubled by your directive to Michael Deaton that he not release any funds from Mr. Sklena's trading account. As I told Camille Arnold prior to the entry of the Consent Order, Fortis sold Mr. Sklena's membership interest in the CME Group, Inc. (the "CME") on or about January 15, 2008 for the purposes of covering Mr. Sklena's trading losses. Because the proceeds from the sale of that membership exceeded his debit by approximately $7,000, Mr. Sklena asked that this amount be remitted to him. There is nothing in the consent order that would preclude Mr. Sklena from receiving these proceeds. While the Consent Order does prohibit Mr. Sklena from "[t]ransferring, selling, or disposing of, in any manner, any membership interests in the CME Group, Inc.", he owned no membership interest at the time that the Consent Order was entered by the court. Moreover, Mr. Sklena played no role in the sale of his membership interest. Rather, Fortis sold his membership interest without regard to Mr. Sklena's wishes when it learned of the above-referenced proceeding and terminated its relationship with him as his clearing firm.

There is no provision in the Consent Order authorizing the freezing of proceeds from the previous sale of a membership interest in the CME. As a result, we respectfully request that you retract your February 25th letter to Fortis thereby permitting Fortis to release the remaining funds to Mr. Sklena. Please let us know at your earliest convenience whether you intend to withdraw the letter.

BOSTON          JACKSONVILLE      NEW YORK          SAN FRANCISCO      TOKYO
BRUSSELS        LOS ANGELES       ORLANDO           SHANGHAI           WASHINGTON, D.C.
CENTURY CITY    MADISON           SACRAMENTO        SILICON VALLEY
CHICAGO         MIAMI             SAN DIEGO         TALLAHASSEE
DETROIT         MILWAUKEE         SAN DIEGO/DEL MAR TAMPA



**EXHIBIT**

C



FOLEY & LARDNER LLP

Ms. Camille M Arnold
February 27, 2008
Page 2

Very truly yours,

Lisa L. Tharpe

cc:    Scott E. Early



**U.S. COMMODITY FUTURES TRADING COMMISSION**
525 West Monroe Street
Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0700
Facsimile: (312) 596-0714

Division of
Enforcement

February 28, 2008

VIA ELECTRONIC AND CERTIFIED MAIL

Lisa Tharpe
Foley & Lardner, LLP
321 North Clark Street
Suite 2800
Chicago, Illinois 60610-4764

Re:  CFTC v. Edward C. Sarvey and David G. Sklena
No. 08 CIV 192

Dear Ms. Tharpe:

In response to your letter of February 27, 2008, the Consent Order of Preliminary Injunction and Other Equitable Relief Against Defendants Edward C. Sarvey and David G. Sklena ("Preliminary Injunction") at Section III 3C, page 4 states:

The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

Transferring, selling, or disposing of, in any manner, any membership interests in the CME Group, Inc.

As members of the CME Group, Inc., the full and associate membership seats of Edward Sarvey and David Sklena constitute part of their membership interests. It is our understanding that Fortis Clearing Americas, LLC ("Fortis") seized Mr. Sarvey and Mr. Sklena's seats in order to satisfy debits in their accounts. The funds currently held by Fortis that are at issue are directly traceable to Mr. Sarvey and Mr. Sklena's seats. Therefore such assets are frozen.

The Commodity Futures Trading Commission ("Commission") has filed a case alleging that Mr. Sarvey and Mr. Sklena caused approximately $2 million in customer harm, and the Commission is seeking restitution for the customers, as well as disgorgement, among other penalties. The Preliminary Injunction preserves the status quo in order to provide for such



EXHIBIT

D

remedies. *See, e.g., CFTC v. Morgan, Harris & Scott, Ltd.,* 484 F. Supp. 669 (S.D.N.Y 1979) (entering an orders freezing assets in order to preserve such assets to compensate public customers). The Commission's case is brought in the interest of the public as is necessary to preserve the integrity of the futures market and preserve the status quo in this matter. Given these circumstances, should any of the above described assets be removed, the Commission will promptly bring a contempt action against any person who has violated the Preliminary Injunction.

Sincerely,

Camille M. Arnold
Senior Trial Attorney
Commodity Futures Trading Commission
(312) 596-0524

2