IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br>        Plaintiff,<br><br>v.<br><br>EDWARD C. SARVEY<br>   and<br>DAVID G. SKLENA,<br>        Defendants;<br><br>LAWRENCE-BONFITTO TRADING COMPANY<br>   and<br>JOSEPH J. BONFITTO,<br>        Relief Defendants. | No. 08 CIV 192<br><br><br>District Judge Kendall<br><br>Magistrate Ashman |

JOINT INITIAL STATUS REPORT

I.
NATURE OF THE CASE

<u>Attorneys of Record</u>

     Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC"), by and through its counsels of record Camille Arnold, Susan Gradman and Scott Williamson; Defendants Edward C. Sarvey ("Sarvey") and David G. Sklena ("Sklena"), by and through their counsels of record Scott Early and Lisa Tharpe of Foley & Lardner; and Relief Defendants Lawrence Bonfitto Trading ("Bonfitto Trading") and Joseph J. Bonfitto ("J. Bonfitto") by and through their lead counsels of record Charles J. Risch and John Ruark of Lawrence, Kamin, Saunders & Uhlenhop, LLC, hereby submit the following joint initial status report.[1]

---

[1] The Commission sent drafts of this report to counsel for all parties. However, counsel for Sarvey and Sklena have not responded to Plaintiff's correspondence. Counsel for the Relief Defendants has given consent by telephone to the filing of the report.

Federal Jurisdictional Basis

Plaintiff Commission brings this case pursuant to the Section 6c of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1, et seq. (2002), which provides that "whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the Commission may bring an action in the proper District Court of the United States against such person to enjoin such practice, or to enforce compliance with the Act, or any rule, regulation or order thereunder."

Nature of the Claims

Plaintiff alleges that on April 2, 2004, Defendant Sarvey, a floor broker at the Chicago Board of Trade ("CBOT"), engaged in a series of non-competitive trades in the Five-Year Treasury Note ("Five-Year Note") futures pit that resulted in defrauding customers of at least $2 million dollars. Specifically, Sarvey sold to Sklena, a floor broker trading for his own account, 2,274 Five-Year Note futures contracts at below market prices and bought back 485 of those contracts also at below market prices. Both Sarvey and Sklena offset their below market buys at higher prices in the rallying Five-Year Note market and reaped enormous profits within a matter of minutes. Sarvey reaped approximately $357,000 in profits from the trades. Sklena reaped approximately $1.65 million in profits while accommodating and aiding and abetting Sarvey's illegal trade practices.

Sarvey and Sklena's trading violated the Act and Commission Regulations promulgated thereunder. Specifically, Sarvey and Sklena violated:

- Sections 4b(a)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(i) and (iii), which make it unlawful for any person, in or in connection with any order to make, or the making of, any futures contract, to cheat or defraud or attempt to cheat or defraud, or to willfully deceive or attempt to deceive such other person by any means whatsoever;

- Section 4b(a)(iv) of the Act, 7 U.S.C. § 6b(a)(iv), which makes it unlawful for any person, in or in connection with any order to make, or the making of, any futures contract, to bucket such order;[2] and

---

[2] "Bucketing" is defined by the Commission as "[d]irectly or indirectly taking the opposite side of a customer's order into a broker's own account or into an account in which a broker has an interest, without open and competitive execution of the order on an exchange." See CFTC Glossary (http://www.cftc.gov/educationcenter/glossary/glossary_b.html)).

2

- Commission Regulation 1.38, 17 C.F.R. § 1.38(a), which requires that all purchases and sales of commodity futures be executed "openly and competitively."

Sarvey's violations of these sections of the Act are based upon direct liability. Sklena is liable for these violations pursuant to Section 13(a) of the Act, 7 U.S.C. § 13c(a), for aiding and abetting Sarvey. Additionally, Sklena violated:

- Section 4c(a) of the Act, 7 U.S.C. § 6c(a), makes it unlawful for any person to offer to enter into, enter into or confirm the execution of any transaction that is, is of the character of, or is commonly known to the trade as an "accommodation trade."[3]

Plaintiff also alleges that Bonfitto Trading and J. Bonfitto received approximately $650,000 from these illegal trades, but were not legitimately entitled to these funds. Therefore, Plaintiff requests in its Complaint that the Relief Defendants disgorge these funds.

## II.
## FACTUAL AND LEGAL ISSUES

A. Factual Issues

1. Whether on April 2, 2004, Sarvey and Sklena engaged in the noncompetitive sale of 2,274 customer contracts and repurchase of 485 of those contracts at prices below those prevailing in the market at the time of such trades, causing customers to be defrauded of at least $2 million.

2. Whether Sklena's purchase of 2,274 5 Five-Year Note contracts from Sarvey exposed Bonfitto Trading to meaningful risk.

3. Whether Bonfitto Trading and J. Bonfitto have a legitimate claim to funds they received as a result of Sarvey and Sklena's trading.

4. What are the facts and circumstances surrounding the Relief Defendants' receipt of funds from Sarvey and Sklena's alleged noncompetitive trading.

B. Legal Issues

1. Whether Sarvey's sale of 2,274 customer contracts to Sklena and repurchase of 485 of those contracts from Sklena at below market prices violated Sections 4b(a)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(i) and (iii), which prohibits cheating and defrauding other persons.

---

[3] Accommodation trades involve cooperation by one trader with another that enable the other to achieve his trading objectives though unlawful means. *In re Buckwalter*, [1984-1986 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 22,782 at 31,251 (ALJ Sept. 27, 1985), *aff'd in part and vacated in part*, [1990-1992 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 24,995 (CFTC Jan. 25, 1991).

2. Whether Sarvey's sale of 2,274 customer contracts to Sklena and repurchase of 485 of those contracts from Sklena at below market prices violated Section 4b(a)(iv) of the Act, 7 U.S.C. § 6b(a)(iv), which prohibits bucketing customer orders.

3. Whether, pursuant to Section 13(a) of the Act, 7 U.S.C. § 13c(a), Sklena aided and abetted Sarvey in violating Sections 4b(a)(i), (iii) and (iv) of the Act, 7 U.S.C. §§ 6b(a)(i), (iii) and (iv) (2002).

4. Whether Sarvey's sale of 2,274 customer contracts to Sklena and repurchase of 485 of those contracts from Sklena at below market prices violated Commission Regulation 1.38, 17 C.F.R. § 1.38(a), which requires that all purchases and sales of commodity futures be executed "openly and competitively."

5. Whether Sklena violated Section 4c(a) of the Act, 7 U.S.C. § 6c(a), by entering into accommodation trades with Sarvey.

6. Whether the Relief Defendants are legitimately entitled to the approximately $650,000 they received from the trades between Sarvey and Sklena taking into consideration all of the facts and circumstances surrounding their receipt of such funds.

7. Whether the drop of 1 and 21/32's points in the two minute period several minutes before Sklena allegedly purchased the 2,274 contracts at a price of from $33/64^{th}$'s to $31/32^{nd}$'s points below the market is inconsistent with the allegation that the Relief Defendants were exposed to no meaningful risk as Sklena's clearing firm.[4]

8. Whether the CBOT arbitration panel's decision awarding approximately $650,000 to Bonfitto Trading and J. Bonfitto establishes a sufficiently colorable claim to ownership of those funds so as to preclude the Commission from seeking to obtain those funds by naming Bonfitto Trading and J. Bonfitto as Relief Defendants.

### III.
### TRIAL

The earliest date the parties will be ready for trial is May 2009. The anticipated length of the trial is five days. None of the parties have demanded a jury trial. The parties do not consent to proceed before the Magistrate Judge.

---

[4] In the Commission's view, this issue as well as the CBOT's private arbitration decision, is irrelevant as to whether or not the Relief Defendants have a legitimate right to ownership of the $650,000 in disputed funds when compared to the rights of the customers whose orders were being traded.

## IV.
## SETTLEMENT POTENTIAL DISCUSSIONS TO DATE

To date there have been no settlement discussions among the parties. However, the lack of such discussions is more a reflection of immediate post-filing work that all parties are undertaking rather than a lack of interest in exploring settlement. The parties do not request a settlement conference at this time because it would be premature. However, the parties anticipate that a settlement conference will be requested at a later stage of the proceedings.

## V.
## DISCOVERY TAKEN TO DATE AND INTENDED

To date no discovery has been taken.

A. Plaintiff

Plaintiff anticipates that it will issue interrogatories and requests for admissions to Defendants Sarvey and Sklena and to the Relief Defendants, as provided for by Rules 33 and 36 of the Federal Rules of Civil Procedure ("F.R.Civ.P.") Plaintiff does not anticipate exceeding 25 interrogatories per defendant or relief defendant.

Plaintiff also anticipates it will issue requests for production of documents to Defendants Sarvey and Sklena and to the Relief Defendants pursuant to F.R.Civ.P. 34. Plaintiff will also issue subpoenas pursuant to F.R.Civ.P. 45 to other persons and to entities such as banks and futures commission merchants that are not parties to the case.

Finally, Plaintiff anticipates that it will issue notices of depositions to the Defendants and the Relief Defendants pursuant to F.R.Civ.P. 30 and subpoenas for depositions to other potential witnesses pursuant to F.R.Civ.P. 45. Plaintiff does not anticipate that its depositions would exceed 10 in number.

B. Defendants Sarvey and Sklena

[INTENTIONALLY LEFT BLANK].

C. Relief Defendants Bonfitto Trading and J. Bonfitto

The Relief Defendants expect to serve written discovery (Interrogatories, Production Requests, and Requests to Admit) on the Plaintiff and the Defendants, Sklena and Sarvey, should

their pending Motion to Dismiss be denied. The Relief Defendants do not currently expect to notice any depositions other than those that Plaintiff has indicated that it intends to notice.

## VI.
## POTENTIAL MOTIONS TO BE FILED

A. <u>Plaintiff</u>

Plaintiff does not anticipate filing any dispositive motions at this time. However, Plaintiff's position may be revisited upon completion of the discovery.

B. <u>Defendants Sarvey and Sklena</u>

[INTENTIONALLY LEFT BLANK]

C. <u>Relief Defendants Bonfitto Trading and J. Bonfitto</u>

The Relief Defendants have filed a Motion to Dismiss them as defendants for lack of subject matter jurisdiction pursuant to F.R.Civ.P. 12(b)(1), with supporting memorandum. The premise of the motion is that Bonfitto Trading and J. Bonfitto should not be named as Relief Defendants as they have a sufficiently colorable claim to legitimate ownership of the funds at issue because: a) as Sklena's clearing firm, Bonfitto Trading was exposed to substantial market risk in connection with the transactions at issue in light of Sklena's financial condition; and, b) a CBOT arbitration panel decided that the Relief Defendants had the right to retain such funds. A briefing schedule for Plaintiff's Response and Relief Defendants' Reply is in place.

If the Relief Defendants' Motion to Dismiss should be denied, the Relief Defendants believe that the issues involving them are likely to be subject to resolution by summary judgment and anticipate that they may file such a motion in this event.

## VII.
## RULINGS ON SUBSTANTIVE ISSUES

The Court entered a Consent Order of Preliminary Injunction against Defendants Sarvey and Sklena on February 15, 2008.

**CONSENTED TO AND APPROVED BY:**

_____/s/_____
Camille M. Arnold
Attorney for Plaintiff Commodity Futures
Trading Commission
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0524
(312) 596-0714 (facsimile)

_____
Lisa Tharpe
Foley & Lardner
Attorneys for Defendants Edward C. Sarvey
and David G. Sklena
321 North Clark Street
Suite 2800
Chicago, Illinois 60610
(312) 832-4352
(312) 832-4700 (facsimile)

Dated: March 21, 2008

Dated _____, 2008

Per telephone Consent_____
Charles J. Risch, Esq. (6183465)
Lawrence, Kamin, Saunders &Uhlenhop,
L.L.C.
Attorneys for Relief Defendants Lawrence
Bonfitto Trading and Joseph J. Bonfitto
300 S. Wacker Drive, Suite 500
Chicago, Illinois
(312)-372-1947

Dated: March 21, 2008