**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING | ) | |
| COMMISSION, | ) | No. 08  C O192 |
| | ) | |
| Plaintiff, | ) | Judge Kendall |
| | ) | |
| v. | ) | Magistrate Judge Ashman |
| | ) | |
| EDWARD C. SARVEY and | ) | |
| DAVID G. SKLENA, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| LAWRENCE-BONFITTO TRADING COMPANY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOSEPH J. BONFITTO, | ) | |
| | ) | |
| Relief Defendants. | ) | |
| | ) | |

**DEFENDANTS EDWARD SARVEY AND DAVID SKLENA'S
RESPONSE TO RELIEF DEFENDANTS' MOTION TO DISMISS**

Defendants Edward C. Sarvey and David G. Sklena, by and through their attorneys, Foley & Lardner LLP, submits this Response to the Motion to Dismsis filed by Relief Defendants Lawrence-Bonfitto Trading Company ("Bonfitto Trading") and Jospeh J. Bonfitto ("Bonfitto"). In support of their response, Sarvey and Sklena state as follows:

The Commodity Futures Trading Commission ("CFTC"), in its Complaint, alleges essentially that Defendants Sarvey and Sklena engaged in a non-competitive trade in the

Five-Year Treasury Note futures pit at the Chicago Board of Trade ("CBOT") on the morning of April 2, 2004. In particular, the CFTC alleges that Sklena purchased 2,274 contracts from Sarvey at an allegedly artificially low price, thereafter selling the contracts at increasingly higher prices as the market bounced back from a low, which resulted in trading profits in the amount of approximately $1.65 million. (Complaint at pp. 8-11) The CFTC further alleges that the Relief Defendants, who were Sklena's clearing firm, froze the trading profits in Sklena's trading account and, following a CBOT arbitration proceeding (the "Arbitration") initiated against them by Sklena, retained approximately $650,000 of Sklena's trading profits.[1] (Complaint at p. 11) Sarvey and Sklena have answered the Complaint, and have expressly denied these allegations and averred that the trades were made openly in a chaotic market.

In the Motion to Dismiss, the Relief Defendants argue that they have a legitimate ownership interest in these funds. They have no such legitimate interest.

In asserting that they are entitled to Sklena's trading profits, the Relief Defendants rely entirely on the ruling by the Arbitration Panel. (Motion to Dismiss at 2) In that Arbitration, Bonfitto and Bonfitto Trading argued that they were entitled to retain Sklena's trading profits because Sklena exposed Bonfitto Trading to unacceptable risk in purchasing 2,274 contracts. (Motion to Dismiss at 5) The Relief Defendants then assert in their Motion to Dismiss that the Arbitration was "adjudicated and decided in their favor," and that, as a result, they had a legal right to retain approximately $858,000 of Sklena's trading profits. (*Id.* at 7) These statements mischaracterize the findings in the Arbitration.

---

[1] As noted below, the Relief Defendants acknowledge that the amount of Sklena's profits they retained was approximately $858,000.

2

The decision of the Arbitration panel demonstrates that the Relief Defendants have no legitimate ownership interest in any of the more than $858,000 in Sklena's trading profits that they have improperly held for the past four years.  Indeed, in direct contradiction to the assertions made by the Relief Defendants, the CBOT Arbitration Panel did not rule in favor of Bonfitto Trading.   (Exhibit 14 to Motion to Dismiss)  Rather, the only action undertaken by the CBOT Arbitration Panel was to award  $85,000 *to Sklena*.  (Exhibit 14 to Motion to Dismiss) There was no award to the Bonfitto or Bonfitto Trading.   Moreover, in awarding these funds to Sklena, the Arbitration panel made *absolutely no findings* as to whether Bonfitto Trading had a legal right to retain the funds that remained in Sklena's trading account.   (*Id.*)   Indeed, the Arbitration Panel made no findings at all.

The second basis that the Relief Defendants assert to justify their retention of Sklena's trading profits is likewise without merit.  The Relief Defendants argue that CBOT Regulation 333.03(a) entitled Bonfitto Trading to freeze Sklena's account due to Sklena's alleged reckless trading.  (Motion to Dismiss at 6)  CBOT Regulation 333.03(a) authorizes a clearing firm, such as Bonfitto Trading, to freeze a trader's trading profits if (1) the trader has exceed *written* trading limits and/or (2) the trader has engaged in "reckless and unbusinesslike dealing inconsistent with just and equitable principles of trade."  (CBOT Regulation 333.03(a), attached hereto as Exhibit A)  The Relief Defendants fail to meet either standard under this Regulation.  It was undisputed by Bonfitto at the arbitration hearing that Bonfitto Trading never imposed written trading limits on Sklena, and the Relief Defendants do not make that allegation in their Motion to Dismiss.  In addition, there is nothing to support the suggestion that Sklena acted in a "reckless and unbusinesslike" manner, aside from the Relief Defendants' unsupported and after-the-fact claim.

3

The Relief Defendants' reliance on the decision in the Arbitration also is misplaced. The Arbitration Panel made no finding that Sklena acted in a "reckless and unbusinesslike" manner and further did not find that Sklena violated CBOT Regulation 333.03(a) in any way. Finally, even if the Relief Defendants could establish that Bonfitto Trading was entitled to freeze Sklena's trading account pursuant to CBOT Regulation 333.03(a), which they cannot, they have not and cannot establish that Bonfitto Trading was entitled to retain those trading profits indefinitely. While the Regulation may entitle a clearing firm to freeze assets in a trading account, nothing in the rule would entitle a clearing firm to any ownership interest in the funds. Therefore, the Relief Defendnats cannot rely on CBOT Regulation 333.03(a) as a basis to justify their claim of ownership of Sklena's trading profits.

For all of these reasons, Defendants David Sklena and Edward Sarvey respectfully request that this Court deny the Relief Defendants' Motion to Dismiss.

Dated: March 26, 2008

Respectfully submitted,

**DEFENDANTS DAVID G. SKLENA
and EDWARD C. SARVEY**

By:  /s/ Lisa L. Tharpe
        One Of Their Attorneys

Scott E. Early (No. 0706485)
Lisa L. Tharpe (No. 6256765)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, Illinois 60601
Telephone: 312/832-4500
Facsimile: 312/832-4700

## CERTIFICATE OF SERVICE

I, Lisa L. Tharpe, an attorney for Defendants David G. Sklena and Edward C. Sarvey, hereby certify that on March 26, 2008, I electronically filed **Defendants Edward Sarvey and David Sklena's Response to Relief Defendants' Motion to Dismiss** with the Clerk of the Court through the Court's CM/ECF System. Notice of this filing will be sent to the following by operation of the Court's electronic filing system:

Camille M. Arnold
Scott Robert Williamson
Susan J. Gradman
U.S. Commodity Futures Trading Commission
525 West Monroe Street
Suite 1100
Chicago, Illinois 60601
**Plaintiff, U.S. Commodity Futures Trading Commission**

Charles J. Risch
John Scott Monical
John D. Ruark
Mitchell Benjamin Goldberg
Paul Michael Weltlich
Lawrence, Kamin, Saunders & Uhlenhop
300 S. Wacker Drive, Suite 500
Chicago, Illinois 60606
**Defendant, Lawrence-Bonfitto Trading Company**

Charles J. Risch
John Scott Monical
John D. Ruark
Mitchell Benjamin Goldberg
Paul Michael Weltlich
Lawrence, Kamin, Saunders & Uhlenhop
300 S. Wacker Drive, Suite 500
Chicago, Illinois 60606
**Defendant, Joseph F. Bonfitto**

By: s/ Lisa L. Tharpe
    One Of His Attorneys