IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | No. 08 C O192 |
| Plaintiff, | ) ) | Judge Kendall |
| v. | ) ) ) | Magistrate Judge Ashman |
| EDWARD C. SARVEY and DAVID G. SKLENA, | ) ) ) | |
| Defendants, | ) ) | |
| LAWRENCE-BONFITTO TRADING COMPANY, | ) ) | |
| and | ) ) | |
| JOSEPH J. BONFITTO, | ) ) | |
| Relief Defendants. | ) ) | |

DEFENDANTS EDWARD C. SARVEY AND DAVID G. SKLENA'S
SUPPLEMENT TO CFTC'S INITIAL STATUS REPORT

I.
NATURE OF THE CASE

Attorneys of Record

Defendants Edward C. Sarvey ("Sarvey") and David G. Sklena ("Sklena"), by and through their counsels of record Scott Early and Lisa Tharpe of Foley & Lardner LLP hereby submits the following supplemental initial status report.[1]

---

[1] The Commission provided drafts of their proposed joint initial status report to counsel for Sarvey and Sklena approximately 48 hours prior to filing the report, which did not allow sufficient time for counsel for Sarvey and Sklena to review and supplement it. As a result, the

Federal Jurisdictional Basis

Plaintiff Commission brings this case pursuant to the Section 6c of the Commodity Exchange Act ("Act"), 7 U.S.C. §13a-1, et seq. (2002), which provides that "whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the Commission may bring an action in the proper District Court of the United States against such person to enjoin such practice, or to enforce compliance with the Act, or any rule, regulation or order thereunder."

Nature of the Claims

Plaintiff alleges that on April 2, 2004, Defendant Sarvey, a floor broker at the Chicago Board of Trade ("CBOT"), engaged in a series of non-competitive trades in the Five-Year Treasury Note ("Five-Year Note") futures pit that allegedly resulted in defrauding customers of at least $2 million dollars. Specifically, Plaintiff alleges that Sarvey sold to Sklena, a floor broker trading for his own account, 2,274 Five-Year Note futures contracts at below market prices and bought back 485 of those contracts also at below market prices. Both Sarvey and Sklena allegedly offset their below market buys at higher prices in the rallying Five-Year Note market and reaped enormous profits within a matter of minutes. Sarvey reaped approximately $357,000 in profits from the trades. Sklena reaped approximately $1.65 million in profits while allegedly accommodating and aiding and abetting Sarvey's illegal trade practices.

Plaintiff alleges that Sarvey and Sklena's trading violated the Act and Commission Regulations promulgated thereunder. Specifically, Plaintiff alleges that Sarvey and Sklena violated:

- Sections 4b(a)(i) and (iii) of the Act, 7 U.S.C. §§6b(a)(i) and (iii), which make it unlawful for any person, in or in connection with any order to make, or the making of, any futures contract, to cheat or defraud or attempt to cheat or defraud, or to willfully deceive or attempt to deceive such other person by any means whatsoever;

- Section 4b(a)(iv) of the Act, 7 U.S.C. § 6b(a)(iv), which makes it unlawful for any person, in or in connection with any order to make, or the making of, any futures contract, to bucket such order;[2] and

---

report that was filed by the CFTC was not in fact a "joint" report. Sarvey and Sklena provided drafts, including redlines, of this supplemental report to the Plaintiff and Relief Defendants on the morning on March 26, 2008. However, the parties did not have sufficient time to reach an agreement. As a result, this report is not titled as a "joint" report.

[2] "Bucketing" is defined by the Commission as "[d]irectly or indirectly taking the opposite side of a customer's order into a broker's own account or into an account in which a broker has an interest, without open and competitive execution of the order on an exchange." See CFTC Glossary (http://www.cftc.gov/educationcenter/glossary/glossary_b.html)).

- Commission Regulation 1.38, 17 C.F.R. § 1.38(a), which requires that all purchases and sales of commodity futures be executed "openly and competitively."

Sarvey's alleged violations of these sections of the Act are based upon direct liability. Plaintiff alleges that Sklena is liable for these violations pursuant to Section 13(a) of the Act, 7 U.S.C. § 13c(a), for aiding and abetting Sarvey. Additionally, Plaintiff alleges that Sklena violated:

- Section 4c(a) of the Act, 7 U.S.C. § 6c(a), makes it unlawful for any person to offer to enter into, enter into or confirm the execution of any transaction that is, is of the character of, or is commonly known to the trade as an "accommodation trade.[3]

Plaintiff also alleges that Bonfitto Trading and J. Bonfitto received approximately $650,000 from these illegal trades, but were not legitimately entitled to these funds. Therefore, Plaintiff requests in its Complaint that the Relief Defendants disgorge these funds.

Defendants Sarvey and Sklena each has filed an Answer denying all of the allegations and claims listed above and asserting affirmative defenses.

## II.
## FACTUAL AND LEGAL ISSUES

A.   Factual Issues

1. Whether on April 2, 2004, Sarvey and Sklena engaged in the noncompetitive sale of 2,274 customer contracts and repurchase of 485 of those contracts at prices below those prevailing in the market at the time of such trades, causing customers to be defrauded of at least $2 million.

2. What the trading conditions were like in the Five-Year Note trading pit at the CBOT on the morning of April 2, 2004.

3. What are the facts and circumstances surrounding the sale of 2,274 customer contracts to Sklena from Sarvey and repurchase of 485 of those contracts by Sarvey on the morning of April 2, 2004.

4. Whether Sklena's purchase of 2,274 5 Five-Year Note contracts from Sarvey exposed Bonfitto Trading to compensable risk.

5. Whether Bonfitto Trading and J. Bonfitto have a legitimate claim to funds they

---

[3] Accommodation trades involve cooperation by one trader with another that enable the other to achieve his trading objectives though unlawful means. *In re Buckwalter,* [1984-1986 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 22,782 at 31,251 (ALJ Sept. 27, 1985), *aff'd in part and vacated in part,* [1990-1992 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 24,995 (CFTC Jan. 25, 1991).

received as a result of Sarvey and Sklena's trading.

   6.  What are the facts and circumstances surrounding the Relief Defendants' receipt of funds from Sarvey and Sklena's alleged noncompetitive trading.

B. Legal Issues

   1.  Whether Sarvey's sale of 2,274 customer contracts to Sklena and repurchase of 485 of those contracts from Sklena at allegedly below market prices violated Sections 4b(a)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(i) and (iii), which prohibits cheating and defrauding other persons.

   2.  Whether Sarvey's sale of 2,274 customer contracts to Sklena and repurchase of 485 of those contracts from Sklena at allegedly below market prices violated Section 4b(a)(iv) of the Act, 7 U.S.C. § 6b(a)(iv), which prohibits bucketing customer orders.

   3.  Whether, pursuant to Section 13(a) of the Act, 7 U.S.C. § 13c(a), Sklena aided and abetted Sarvey in violating Sections 4b(a)(i), (iii) and (iv) of the Act, 7 U.S.C. §§ 6b(a)(i), (iii) and (iv) (2002).

   4.  Whether Sarvey's sale of 2,274 customer contracts to Sklena and repurchase of 485 of those contracts from Sklena at allegedly below market prices violated Commission Regulation 1.38, 17 C.F.R. § 1.38(a), which requires that all purchases and sales of commodity futures be executed "openly and competitively."

   5.  Whether Sklena violated Section 4c(a) of the Act, 7 U.S.C. § 6c(a), by entering into accommodation trades with Sarvey.

   6.  Whether the Relief Defendants are legitimately entitled to the approximately $650,000 they received from the trades between Sarvey and Sklena taking into consideration all of the facts and circumstances surrounding their receipt of such funds.

   7.  Whether the drop of 1 and 21/32's points in the two minute period several minutes before Sklena allegedly purchased the 2,274 contracts at a price of from $33/64^{th}$s to $31/32^{nd}$s points below the market is inconsistent with the allegation that the Relief Defendants were exposed to no meaningful risk as Sklena's clearing firm.[4]

8.  Whether the CBOT arbitration panel made any findings or award other than to Defendant

---

[4] In the Commission's view, this issue as well as the CBOT's private arbitration decision, is irrelevant as to whether or not the Relief Defendants have a legitimate right to ownership of the $650,000 in disputed funds when compared to the rights of the customers whose orders were being traded.

Sklena.

9. Whether the CBOT arbitration panel's decision allegedly awarding approximately $650,000 to Bonfitto Trading and J. Bonfitto establishes a sufficiently colorable claim to ownership of those funds so as to preclude the Commission from seeking to obtain those funds by naming Bonfitto Trading and J. Bonfitto as Relief Defendants.[5]

### III.
### TRIAL

The earliest date the parties will be ready for trial is May 2009. The anticipated length of the trial is five days. None of the parties have demanded a jury trial. The parties do not consent to proceed before the Magistrate Judge.

### IV.
### SETTLEMENT POTENTIAL DISCUSSIONS TO DATE

To date there have been no settlement discussions among the parties. However, the lack of such discussions is more a reflection of immediate post-filing work that all parties are undertaking rather than a lack of interest in exploring settlement. The parties do not request a settlement conference at this time because it would be premature. However, the parties anticipate that a settlement conference will be requested at a later stage of the proceedings.

### V.
### DISCOVERY TAKEN TO DATE AND INTENDED

To date no discovery has been taken.

A. <u>Plaintiff</u>

Plaintiff anticipates that it will issue interrogatories and requests for admissions to Defendants Sarvey and Sklena and to the Relief Defendants, as provided for by Rules 33 and 36 of the Federal Rules of Civil Procedure ("F.R.Civ.P.") Plaintiff does not anticipate exceeding 25 interrogatories per defendant or relief defendant.

Plaintiff also anticipates it will issue requests for production of documents to Defendants Sarvey and Sklena and to the Relief Defendants pursuant to F.R.Civ.P. 34. Plaintiff will also issue subpoenas pursuant to F.R.Civ.P. 45 to other persons and to entities such as banks and futures commission merchants that are not parties to the case.

Finally, Plaintiff anticipates that it will issue notices of depositions to the Defendants and the Relief Defendants pursuant to F.R.Civ.P. 30 and subpoenas for depositions to other potential witnesses pursuant to F.R.Civ.P. 45. Plaintiff does not anticipate that its

---

[5] It is Sarvey and Sklena's view that the arbitration panel did not issue such an award and, further, this issue is irrelevant.

depositions would exceed 10 in number.

<u>Defendants Sarvey and Sklena</u>

Defendants Sarvey and Sklena anticipate that they will serve written discovery (interrogatories, document requests, and requests for admissions) on the Plaintiff and Relief Defendants, J. Bonfitto and Bonfitto Trading.

Defendants Sarvey and Sklena anticipate that it will issue notices of depositions to the Relief Defendants and subpoenas for depositions to other potential third-party witnesses. The Defendants believe that these depositions with not exceed 10 in number.

C.  <u>Relief Defendants Bonfitto Trading and J. Bonfitto</u>

The Relief Defendants expect to serve written discovery (Interrogatories, Production Requests, and Requests to Admit) on the Plaintiff and the Defendants, Sklena and Sarvey, should their pending Motion to Dismiss be denied. The Relief Defendants do not currently expect to notice any depositions other than those that Plaintiff has indicated that it intends to notice.

## VI.
## POTENTIAL MOTIONS TO BE FILED

A.  <u>Plaintiff</u>

Plaintiff does not anticipate filing any dispositive motions at this time. However, Plaintiffs position may be revisited upon completion of the discovery.

B.  <u>Defendants Sarvey and Sklena</u>

Defendants Sarvey and Sklena do not anticipate filing dispositive motions at this time. However, the Defendants may revisit this position upon completion of discovery.

C.  <u>Relief Defendants Bonfitto Trading and J. Bonfitto</u>

The Relief Defendants have filed a Motion to Dismiss them as defendants for lack of subject matter jurisdiction pursuant to F.R.Civ.P. 12(b)(1), with supporting memorandum. The premise of the motion is that Bonfitto Trading and J. Bonfitto should not be named as Relief Defendants as they have a sufficiently colorable claim to legitimate ownership of the funds at issue because: a) as Sklena's clearing firm, Bonfitto Trading was exposed to substantial market risk in connection with the transactions at issue in light of Sklena's financial condition; and, b) a CBOT arbitration panel decided that the Relief Defendants had the right to retain such funds. A briefing schedule for Plaintiffs Response and Relief Defendants' Reply is in place.

If the Relief Defendants' Motion to Dismiss should be denied, the Relief Defendants believe that the issues involving them are likely to be subject to resolution by summary judgment and anticipate that they may file such a motion in this event.

# VII.
## RULINGS ON SUBSTANTIVE ISSUES

The Court entered a Consent Order of Preliminary Injunction against Defendants Sarvey and Sklena on February 15, 2008.

**CONSENTED TO AND APPROVED BY:**

| | |
|---|---|
| _____ | ___/s/_____ |
| Camille M. Arnold | Lisa L. Tharpe |
| Attorney for Plaintiff Commodity Futures Trading Commission | Foley & Lardner LLP |
| Commodity Futures Trading Commission | Attorneys for Defendants |
| 525 West Monroe Street, Suite 1100 | Edward C. Sarvey and David G. Sklena |
| Chicago, Illinois 60661 | 321 N. Clark Street |
| (312) 596-0524 | Suite 2800 |
| (312) 596-0714 (facsimile) | Chicago, Illinois 60610 |
| | (312) 832-4500 |
| | (312) 832-4700 |
| | |
| Dated:_____ | Dated: March 26, 2008_____ |

_____
Charles J. Risch, Esq. (6183465)
Lawrence, Kamin, Saunders & Uhlenhop, L.L.C.
Attorneys for Relief Defendants Lawrence Bonfitto Trading and Joseph J. Bonfitto
300 S. Wacker Drive, Suite 500
Chicago, Illinois
(312)-372-1947

## CERTIFICATE OF SERVICE

I, Lisa L. Tharpe, an attorney for Defendants David G. Sklena and Edward C. Sarvey, hereby certify that on March 26, 2008, I electronically filed **Defendants Edward C. Sarvey and David G. Sklena's Supplement to CFTC's Initial Status Report** with the Clerk of the Court through the Court's CM/ECF System. Notice of this filing will be sent to the following by operation of the Court's electronic filing system:

Camille M. Arnold
Scott Robert Williamson
Susan J. Gradman
U.S. Commodity Futures Trading Commission
525 West Monroe Street
Suite 1100
Chicago, Illinois 60601
**Plaintiff, U.S. Commodity Futures Trading Commission**

Charles J. Risch
John Scott Monical
John D. Ruark
Mitchell Benjamin Goldberg
Paul Michael Weltlich
Lawrence, Kamin, Saunders & Uhlenhop
300 S. Wacker Drive, Suite 500
Chicago, Illinois 60606
**Defendant, Lawrence-Bonfitto Trading Company**

Charles J. Risch
John Scott Monical
John D. Ruark
Mitchell Benjamin Goldberg
Paul Michael Weltlich
Lawrence, Kamin, Saunders & Uhlenhop
300 S. Wacker Drive, Suite 500
Chicago, Illinois 60606
**Defendant, Joseph F. Bonfitto**

By: s/ Lisa L. Tharpe
One Of Their Attorneys