IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) | No. 08 CIV 0192 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Judge Kendall |
| EDWARD C. SARVEY and DAVID G. SKLENA, | ) ) ) | Magistrate Judge Ashman |
| Defendants; | ) ) | |
| LAWRENCE-BONFITTO TRADING COMPANY and JOSEPH J. BONFITTO, | ) ) ) ) | |
| Relief Defendants. | ) | |

## RELIEF DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Relief Defendants, Lawrence-Bonfitto Trading Company ("Bonfitto Trading") and Joseph J. Bonfitto ("Bonfitto"), have filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. C. P. 12(b)(1). Plaintiff (the "CFTC") has filed a Response in opposition to the motion, as have the Defendants, Edward Sarvey ("Sarvey") and David Sklena ("Sklena"). In reply, Bonfitto and Bonfitto Trading state as follows:

### INTRODUCTION

In its Complaint, the CFTC alleges that Sarvey defrauded certain of his customers by executing certain trades at below market prices in a private transaction with Sklena. On this basis, the CFTC asserts a claim against Sarvey for violations of the Commodity Exchange Act and against Sklena for aiding and abetting such violations. The Complaint also alleges that Bonfitto Trading (Sklena's clearing firm) and Bonfitto (Bonfitto Trading's principal) charged Sklena approximately $650,000 in connection with the subject transactions because of the market risk to which the transactions exposed Bonfitto Trading. No claims are asserted by the CFTC against Bonfitto Trading and Bonfitto but the Complaint does name them as "relief" defendants and seeks disgorgement of this $650,000 based on allegations that Bonfitto Trading

was not actually exposed to meaningful risk in connection with the transactions at issue and, therefore, has no legitimate ownership interest with respect to the $650,000.

In answer to the Complaint, the Relief Defendants filed the pending Motion to Dismiss pursuant to Fed. R. C. P. 12(b)(1) for lack of subject matter jurisdiction. In support of this motion, Bonfitto Trading and Bonfitto offered **proper evidence** establishing that they did have a legitimate ownership interest in the funds at issue and, thus, were not properly named as relief defendants. This evidence includes evidence that: 1) the subject transactions exposed Bonfitto Trading to significant risk as a result of the prevailing market conditions and Sklena's lack of personal assets to support the trades; and 2) a Chicago Board of Trade ("CBOT") arbitration panel reviewed the very same transaction that is the subject of the CFTC action and awarded ownership of the subject funds to the Relief Defendants, pursuant to rules approved and authorized by the CFTC. Given the applicable CBOT rules, implicit in the award is a rejection of the claims of Sklena that Bonfitto Trading was not exposed to meaningful risk in connection with the subject trades.

In its Response in Opposition to Bonfitto's and Bonfitto Trading's Motion to Dismiss ("CFTC's Response"), the CFTC acknowledges that, in response to a Rule 12(b)(1) motion, it has the burden of proof to establish a jurisdictional basis for proceeding against Bonfitto Trading and Bonfitto and that a court is free not only to consider but also to weigh the evidence submitted in connection with the motion. CFTC's Response at p. 4. Yet the CFTC offers no relevant evidence in support of its contention that the Relief Defendants have no meaningful ownership interest in the subject funds or that calls into question any of the evidence submitted by the Relief Defendants in support of their Motion to Dismiss.

Indeed, the CFTC apparently concedes that Bonfitto Trading, as Sklena's clearing firm, was subjected to substantial market risk by the subject trades. The CFTC offers no evidence, or even argument, to the contrary in its Response. Yet the absence of such market risk was the only basis alleged in the Complaint in support of the CFTC's contention that the Relief Defendants have no legitimate ownership interest in the subject funds. Instead of offering evidence, the CFTC is content to simply assert that, although the CBOT arbitration award finally "adjudicated the private rights [to the funds at issue] between the wrongdoer, Sklena and J. Bonfitto and Bonfitto Trading" in favor of the Relief Defendants, *id.* at p. 11, *see also,* pp. 2, 10-11 & n.7, it is "irrelevant" to determining whether the Relief Defendants have a legitimate ownership interest in

2

the subject funds in the context of this case. In support of this novel and unsupportable proposition, the CFTC offers only strained and demonstrably incorrect interpretations of a few cases, vague and unsubstantiated insinuations of some level of wrongdoing on the part of the Relief Defendants and a plea that a fuller exploration of some unspecified "all" of the facts and circumstances should take place at some later stage in the proceedings to resolve whether Sarvey's customers have a greater ownership interest in the funds than do the Relief Defendants. In sum, the CFTC's Response misapprehends the law pertaining to both Rule 12(b)(1) and the appropriate use of the "relief" defendant exception to avoid alleging a proper basis for subject matter jurisdiction.

I. TO DEFEAT A RULE 12(B)(1) MOTION TO DISMISS, THE CFTC MUST OFFER EVIDENCE SUFFICIENT TO MEET ITS BURDEN OF PROOF THAT BONFITTO AND BONFITTO TRADING HAVE NO LEGITIMATE OWNERSHIP INTEREST IN THE SUBJECT FUNDS. THE CFTC HAS FAILED TO OFFER ANY SUCH EVIDENCE.

When jurisdiction has been challenged as a factual matter, the plaintiff has the burden of establishing jurisdictional facts by competent proof. *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir. 1979). Further, it is not sufficient for the plaintiff to simply raise some dispute with respect to the evidence offered in support of a Rule 12(b)(1) motion, as a court is free to weigh all of the evidence submitted on the Motion. *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.2d 942,946 (7th Cir. 2003), *cert. den.* 540 U.S. 1003 (cite omitted). Here, the Relief Defendants offered substantial evidence to demonstrate that they have a legitimate ownership interest in the subject funds in support of their Motion to Dismiss. The CFTC, on the other hand, chose to offer no evidence in opposition to the Motion. Instead, the CFTC simply asserts that: a) because it has pled no claim against the Relief Defendants, subject matter jurisdiction is unnecessary, CFTC Response at p. 6-7; b) it is "prepared to prove", at some unspecified time in the future, allegations (set forth in the CFTC's Response, not in the Complaint) that the Relief Defendants engaged in conduct that gives Sarvey's customers a superior ownership interest in the subject funds, *id.* at pp. 8-9; and, c) the "Relief Defendants' assertion [that they have a legitimate ownership interest in the subject funds] must be determined in the context of [some unspecified set of] all the facts and circumstances" *Id.* These assertions do not constitute proper evidence and demonstrate a decidedly incorrect understanding of the relevant law.

While the CFTC is correct in stating that the Court does not require an independent basis for subject matter jurisdiction to reach funds in the hands of a properly joined "relief" defendant,

3

the question raised by the pending Motion is whether Bonfitto Trading and Bonfitto are "proper" relief defendants. This issue turns not on the CFTC's decision not to assert legally cognizable claims against them in the Complaint, but on whether the proposed relief defendants have a legitimate claim of ownership to the funds that the CFTC is attempting to recover from them. "A 'nominal defendant' is a person who can be joined to aid the recovery of relief without an assertion of subject matter jurisdiction **only because he has no ownership interest** in the property which is the subject of litigation." *SEC v. Cherif,* 933 F.2d 403, 414 (7th Cir 1991), *cert. den.,* 502 U.S. 1071 (1992) (emphasis added). If, however, the proposed relief defendants do have an ownership interest in the funds at issue, the CFTC cannot "excuse itself from having to establish subject matter jurisdiction" through the simple expedient of naming them as such. *Id.* at 415.

Further, the CFTC insinuates that Bonfitto and Bonfitto Trading engaged in some sort of wrongdoing and that the CFTC "arguably could have alleged that [they] directly or indirectly violated the [Commodity Exchange] Act or [CFTC] Regulations", CFTC Response at n.6. Such insinuations not only do not support the CFTC's position that the Motion to Dismiss should be denied but actually demonstrate that the Motion should be granted. The CFTC has two and only two legitimate choices for reaching funds in the hands of Bonfitto Trading or Bonfitto in the context of this action: it can establish that Bonfitto Trading and Bonfitto are "wrongdoer[s] or that the money is simply not [theirs]." *SEC v. Cherif, supra,* 933 F.2d at 415-16. To obtain a recovery when the former is the case, the CFTC must name Bonfitto Trading and Bonfitto as actual defendants so that they "will then be apprised of the nature of the allegations against [them] and can make use of the possible defenses available to [them]." *Id.* at 415. It is only in the second case –the money is simply not theirs- that Bonfitto Trading and Bonfitto can be properly joined as relief defendants. *Id.*

Finally, while the CFTC is also correct in stating that this Court has the jurisdiction to decide whether Bonfitto Trading and Bonfitto have a legitimate claim of ownership to the funds in question, that does not mean that such a decision should be made outside the context of the pending Motion. To the contrary, the issue of "[s]ubject matter jurisdiction is … an issue that **should be resolved early but must be considered at any stage of the litigation**." *United Phosphorus, Ltd. v. Angus Chem. Co., supra,* 322 F.2d at 946 (emphasis added). The Relief Defendants have properly raised the issue of subject matter jurisdiction through an appropriate

vehicle – a Rule 12(b)(1) Motion. There is no law to suggest that the resolution of whether subject matter jurisdiction exists with respect to the Relief Defendants should be put off until "the dispute between the primary parties is decided."[1] CFTC Response at p. 10. Moreover, Bonfitto Trading and Bonfitto have offered evidence that they have a legitimate ownership interest in the funds at issue in support of their Motion. Pursuant to Rule 12(b)(1), the CFTC has the burden of **proving,** with proper evidence, that Bonfitto Trading and Bonfitto do not have a legitimate ownership interest in the funds at issue and, therefore, are proper relief defendants. Not only has the CFTC failed to meet any particular burden of proof on this issue, it has failed to offer any evidence at all. Despite its apparent belief, the CFTC does not have the luxury of waiting to produce such evidence at some later stage of the litigation.

II. **THE CFTC MISCONSTRUES THE PURPOSE AND STANDARD FOR APPROPRIATE USE OF THE RELIEF DEFENDANT EXCEPTION TO SUBJECT MATTER JURISDICTION. IT IS NOT A DEVICE TO BE USED FOR ADJUDICATING COMPETING CLAIMS TO SPECIFIC FUNDS WITHOUT HAVING TO ASSERT THOSE CLAIMS. RATHER, ITS USE IS LIMITED TO REACHING FUNDS BELONGING TO AN ACTUAL DEFENDANT THAT ARE IN THE HANDS OF AN INNOCENT THIRD-PARTY THAT GAVE NO CURRENT VALUE FOR THEM.**

In *SEC v. Cherif, supra,* 933 F.2d 403, the Seventh Circuit states that: "[a] 'nominal defendant' is a person who can be joined to aid the recovery of relief without an assertion of subject matter jurisdiction **only because he … holds [the property which is] the subject matter of the litigation 'in a subordinate or possessory capacity as to which there is no dispute**.'" *Id.* at 414, *citing Colman v. Shimer,* 163 F. Supp. 347, 351 (W.D.Mich. 1958) (quoting 2 J. Palmer, Cyclopedia of Federal Procedure, § 3.63 (3rd ed.)) (emphasis added). The CFTC argues that, by relying on this language, the Relief Defendants claim a "clearly erroneous" standard for properly naming a relief defendant. CFTC Response at pp. 7-10. The CFTC's argument rests on strained interpretations of both *Colman v. Shimer, supra,* (the case cited by the *Cherif* Court) and the Relief Defendants' position. In fact, it is the CFTC that is claiming a "clearly erroneous" standard.

The CFTC position is, apparently, that the *Cherif* Court's statement that a person is a proper "relief" defendant **only when there is no dispute** that he holds the subject property in a

---

[1] Although the CFTC cites *SEC v. Cherif, supra,* 933 F.2d at 414, in support of this proposition, *Cherif* provides no support for this statement at all. To the contrary, *Cherif* involved a **preliminary** injunction that had been entered against the primary defendant and a relief defendant and the *Cherif* Court faulted the lower court for entering the preliminary injunction against the relief defendant without first determining whether the relief defendant had a legitimate ownership interest in the funds at issue.

subordinate or possessory capacity does not mean what it says.  To support this position, the CFTC "analyzes" the facts of *Colman v. Shimer, supra,* 163 F. Supp. 347, the case cited by *Cherif* in support of its statement, and concludes that what this language really means is only that the "nominal" party is not a "real party '**in dispute**' with the plaintiff."  CFTC Response at pp.7-8, n. 4 (emphasis added).  There are several problems with this "analysis."  First, it twists the actual language used by the *Cherif* and *Colman* Courts (and, as will be discussed below, the original source) into unrecognizable form.  It is apparent from a plain reading of the language, that the words "no dispute" refer to the capacity in which the person holds the subject property, not the person's status *vis-à-vis* the plaintiff.  Second, the CFTC's analysis simply raises a distinction without a difference.

>  The full quote from *Colman* that *Cherif* quoted, in part, is as follows:
>> In 2 Cyclopedia of Federal Procedure, 3d Ed., § 3.63, it is stated:
>> 
>> 'Joinder of a trustee or agent as a party to an action will not be permitted to defeat removal where he is not a real party in interest but merely a formal or nominal one.  This is the situation where, though a trustee, agent or depositary has possession of property or funds rights in which are the subject of litigation, he holds them merely in a subordinate or possessory capacity as to which there is no dispute.  The same view has been taken as to stakeholders and depositaries who represent no other party to the suit and stand impartial and claim no interest; although there has been some authority to the contrary, and **it has been justifiably held that a stakeholder who is not impartial cannot be regarded as merely a formal party where his interest or sympathy runs counter to the plaintiff.**'

*Colman v. Shimer, supra,* 163 F. Supp. at 351 (emphasis added).  In this quote (as is true in *Cherif* as well), the statement that a person that "holds [the subject property or funds] merely in a subordinate or possessory capacity as to which there is no dispute" defines the standard to be used for determining whether that person is a "real party in interest."  Thus, by pointing out that in *Colman* the issue of whether adding a non-diverse administrator of an estate precluded removal to a federal court turned on whether the administrator was a real party in interest, the CFTC is saying nothing different than that the issue turned on whether there was no dispute that the administrator was merely a disinterested stakeholder.

The bolded language from the *Colman* quote set forth in the preceding paragraph suggests that any dispute with the plaintiff, (including those based on sympathies counter to the plaintiff), may preclude considering someone to be a "nominal" party.  The Relief Defendants do not adopt this position.  Yet, in its Response, that is the position that CFTC appears to ascribe to

the Relief Defendants in order to construct a "straw man" to argue against. Accordingly, the CFTC points out two cases in which it maintains that the courts disregarded "disputes" concerning ownership of the subject funds in determining that the "disputing" party was properly named as a relief defendant. The cases that the CFTC relies upon, however, both involved "disputes" based on mere assertions of ownership, not actual evidence of ownership, and, thus, presented issues very different from those presented in this case.

For example, the CFTC relies heavily on *SEC v. Infinity Group Co.,* 993 F. Supp 324 (E.D. Pa. 1988). In particular, the CFTC asserts that this case stands for the proposition that services rendered in furtherance of a fraud do not constitute a legitimate claim on the proceeds of that fraud. CFTC Response at pp. 11-12. This may or may not be true. Although this case does contain language to this effect, it does not cite any other cases in support of this proposition. More importantly, the language relied upon by the CFTC is dicta.

The *Infinity Group* case did not turn on whether any consideration the relief defendant, the wife of one of the principal defendants, gave for funds derived from the principal defendants' fraud were services in furtherance of the fraud and, therefore, illegal but, rather, on the facts that: 1) she only "**allege[d]** that she rendered consideration in the form of administrative and clerical services … , **although she has neither testified nor produced evidence** which affirmatively demonstrates that she did any work for [the defrauding corporation]…", *SEC v. Infinity Group Co., supra,* 993 F. Supp at 331 (emphasis added); and, 2) she, as well as her husband and another individual defendant, "exercised their *Fifth Amendment* right against self-incrimination as to all of [the corporation's] activities, which profoundly hinders our ability to determine the true nature of [its] operations." *Id.* Thus, the Court held, after a full trial on the merits, that "to the extent that we have any doubts -- and we harbor none -- as to whether a massive securities fraud took place here, whether and to what extent defendants participated in it, and whether defendants and relief defendant … improperly benefitted therefrom -- we resolve those doubts against defendants and relief defendant … ." *Id.* Further, the relief defendant involved never challenged her status as a relief defendant.

The other case relied upon by the CFTC in this regard is similarly inapposite. *FTC v. Think Achievement Corp.,* 144 F. Supp. 2d 1013 (N.D. Ind. 2000), involved a summary judgment that required another relief defendant (the wife of the principal individual wrongdoer) to disgorge funds derived from the fraudulent activity of her husband's corporation. These funds

7

had been deposited directly into bank accounts, including a joint account in the name of the husband and the wife and an individual account in the name of the wife. Although the Court noted evidence that there had been suspicious transfers out of her accounts before her husband was named a defendant, there is no discussion to indicate that the wife ever asserted a legitimate claim to ownership of the funds, much less produced evidence of such a claim. *Id.* at 1020.

Here, the facts are substantially different than either of the cases relied upon by the CFTC. Unlike the *Infinity Group* or *Think Achievement* cases, the Relief Defendants here have offered substantial evidence of their rights of ownership to the subject funds. Bonfitto also has testified extensively about the subject transactions, both in an arbitration brought by one of the principal defendants (Sklena) and in the CBOT enforcement actions brought against both Sklena and Sarvey. Despite this evidence, the CFTC relies solely on allegations and has failed to produce any evidence that the Relief Defendants do not have a legitimate claim to ownership of the subject funds, despite having the burden of proof on this issue. Thus, the CFTC's protestation that, if the Relief Defendants' position is adopted, the "entire concept of relief defendants would be unworkable because any time a relief defendant was named they would simply dispute … that they did not have a legitimate ownership in the [subject] funds … and be dismissed", CFTC Response at p. 10, exhibits a profound misunderstanding of both the issues presented by this case and of the applicable law.

Bonfitto Trading and Bonfitto do not maintain that obtaining a dismissal pursuant to Rule 12(b)(1) requires only that they assert or allege that they have a legitimate ownership interest in the subject funds. Just as a party may not avoid summary judgment by reference to mere assertions or allegations, however, the CFTC cannot avoid dismissal under Rule 12(b)(1) and *Cherif* by reference to mere allegations and assertions that it "disputes" the legitimacy of the Relief Defendant's claim to ownership of the subject funds without any evidence to back up such allegations and assertions. Moreover, even if the CFTC's allegations and assertions were backed up by some evidence, they would be insufficient to avoid dismissal. As in *Cherif*, once the proposed relief defendant demonstrates that he or she has a legitimate ownership interest in the funds at issue, a plaintiff may not employ the relief defendant exception to litigate whether it has a superior claim to those funds by reference to the proposed relief defendant's alleged wrongdoing or negligence, as the CFTC is attempting to do here.

If the basis of the CFTC's claim to the funds is, as it maintains, that Bonfitto and Bonfitto Trading should have done more to supervise Sklena or that Sarvey's customers have some superior claim to the funds under federal law, then *Cherif* requires that the CFTC plead such a claim and name Bonfitto and Bonfitto Trading as actual defendants so that they "will then be apprised of the nature of the allegations against [them] and can make use of the possible defenses available to [them] under the [applicable] laws." *SEC v. Cherif, supra,* 933 F.2d at 415. The relief defendant exception to subject matter jurisdiction applies only where the proposed relief defendant has no legitimate claim to the subject funds. And in this case, Bonfitto and Bonfitto Trading have conclusively demonstrated that they do have a legitimate ownership interest in the funds at issue by reference to an award in an arbitration that they were required to participate in by, and which was conducted pursuant to, rules authorized and approved by the CFTC. This fact cannot be ignored simply because the CFTC finds it to be inconvenient.

III. **THE AWARD OF A CBOT ARBITRATION PANEL THAT DETERMINED THAT BONFITTO AND BONFITTO TRADING HAD A RIGHT TO THE FUNDS AT ISSUE UNDER CBOT RULES AUTHORIZED AND APPROVED BY THE CFTC CONCLUSIVELY ESTABLISHES THE RELIEF DEFENDANTS HAVE A LEGITIMATE OWNERSHIP INTEREST IN THOSE FUNDS. THE CFTC'S POSITION THAT THIS ARBITRATION AWARD IS IRRELEVANT HAS NO BASIS IN LAW OR FACT.**

As recounted in the Relief Defendants' Motion to Dismiss and Supporting Memorandum, the trades at issue exposed Bonfitto Trading, as Sklena's clearing firm, to a significant risk of loss. Several minutes before the subject trades were executed, the market had fallen almost twice as far as any "edge" Sklena is alleged to have had in the trades as a result of Sarvey having allegedly sold the contracts to Sklena at below market prices. If the market had continued to fall after Sklena purchased the contracts, he could have lost hundreds of thousands of dollars that he did not have and Bonfitto Trading, as his guarantor, would have had to make good those losses. The CFTC has made no effort to dispute this fact, nor could they dispute it.

CBOT Regulation 333.03(a), a rule authorized and approved by the CFTC (another fact that the CFTC does not dispute), provided Bonfitto Trading and Bonfitto with a remedy, however, for the exposure to which Sklena had recklessly exposed them. Bonfitto Trading froze a portion of the proceeds from the subject trades and held them. Sklena challenged Bonfitto Trading's right to any funds related to the subject transactions in a CBOT arbitration that he initiated against the Relief Defendants. The basis on which Sklena challenged the Relief Defendant's rights to these funds was that the subject trades did not expose Bonfitto Trading to

9

any meaningful risk because he had an "edge" in the trades.  After two days of hearing, the CBOT arbitration panel entered an award directing Bonfitto Trading to return only a relatively small portion of the funds to Sklena, thereby confirming the Relief Defendants' legal right to retain the remainder of the funds, including all of the $650,000 at issue here.

In its Response, the CFTC acknowledges that this arbitration adjudicated the ownership rights to these funds as between the Relief Defendants and Sklena.[2]  CFTC Response at pp. 2 & 10-11.  The CFTC asserts, however, that the "private arbitration proceeding between the Relief Defendants and Sklena is irrelevant" to whether Bonfitto and Bonfitto Trading are proper relief defendants in this action.  *Id.* at 11.  In support of this novel assertion, the CFTC states that the arbitration did not consider "any competing interests" and that the issue in this case is "the rights to those funds as between Sklena … and Sarvey's customers, who were the innocent victims of Sarvey's and Sklena's fraud."  *Id.*  The CFTC then goes on to discuss the *Infinity Group* and *Think Achievement* cases, addressed in detail in the preceding section of this memorandum, which hold that the victims' rights are superior to those of a properly named relief defendant **who is merely a stakeholder or who received proceeds from the fraud gratuitously without having given any current consideration for the funds.**  *See FTC v. Think Achievement Corp.,* 144 F. Supp. 2d at 1020; *SEC v. Infinity Group Co., supra,* 993 F. Supp. at 331.

Of course, **if** Bonfitto and Bonfitto Trading were merely disinterested stakeholders or had received the subject funds gratuitously, then the funds could be deemed to be effectively Sklena's funds, subject to the claims of the CFTC on behalf of Sarvey's customers in this action.  The award entered in their favor by a CBOT arbitration panel, however, conclusively settles the issues of whether the Relief Defendants are mere disinterested stakeholders or whether they gave current value (Bonfitto Trading's financial guarantee) as consideration for the subject funds – they are not mere stakeholders and they did give current consideration.  The CFTC cannot avoid this fact or the legal implications thereof just to avoid establishing subject matter jurisdiction over the claim that they wish to litigate here -- whether the legitimate claims of Sarvey's customers to the funds should be given priority over the legitimate claims of the Relief Defendants to those same funds.

---

[2] In a separately filed Response, Sklena and Sarvey maintain that the arbitration did not even settle the rights to the subject funds *vis-à-vis* the Relief Defendants and Sklena.  The arguments advanced in Sklena's and Sarvey's Response are frivolous on their face, as the CFTC recognizes, and will not be addressed further herein.

Further, the characterization of the arbitration as a "private" proceeding is both disingenuous on the facts of this case and not helpful to the CFTC's position in any event. As set forth in the Relief Defendants' initial Memorandum, CBOT rules, which were legally required to be authorized and approved by the CFTC, both required Bonfitto and Bonfitto Trading to arbitrate with Sklena and governed the result and proceedings of that arbitration. Moreover, the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* ("FAA"), requires courts to recognize and give full effect to an arbitration award that has not been vacated, *id.* at §9, and severely limits who may move to vacate an award (a party to the arbitration), the grounds on which an award can be vacated, and the time in which a motion to vacate must be brought (3 months). *Id.* at §§10-11; *see, also, Hall Street Asso. L.L.C. v. Mattel, Inc.,* 552 U.S. ___; 128 S. Ct. 1396, 1405; 170 L. Ed. 2d 254 (2008) ("the three provisions, §§ 9-11, [of the FAA] … substantiat[e] a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway.) The Illinois Uniform Arbitration Act, 710 ILCS 5/1 *et seq.*, has similar provisions. Thus, the CFTC's position that the arbitration award that confirmed the Relief Defendants' legitimate ownership interests in the subject funds can simply be disregarded is contrary to federal law and established federal policy.

## CONCLUSION

Bonfitto and Bonfitto Trading have moved to have themselves dismissed as relief defendants in this action. Pursuant to Rule 12(b)(1), they have offered substantial evidence in support of their Motion. In Response, the CFTC, despite its burden of proof on the issue of subject matter jurisdiction, has chosen to stand on the allegations in its Complaint and unsubstantiated assertions set forth in its brief in opposition. On the facts, it is apparent why the CFTC has not offered evidence and why it is seeking to employ the relief defendant procedure to reach the subject funds. There are no facts that would establish that Bonfitto and Bonfitto Trading do not have a legitimate ownership interest in the subject funds given the CBOT arbitration award that confirmed their rights to those funds. Moreover, while the CFTC has made various assertions criticizing the Relief Defendants' conduct, the CFTC must recognize that, even if their criticisms are well taken (they are not), it cannot allege that such conduct violated any legal duty that the Relief Defendants owed to any involved party.

The customers whose interests the CFTC alleges are paramount were not customers of the Relief Defendants. They were not even customers of Sklena. Sklena was not acting as an

11

agent or employee of the Relief Defendants; he was only the Relief Defendants' customer. There is no law of which the Relief Defendants are aware that would require them to refrain from protecting their own interests in the funds at issue until they had investigated whether customers of a third party (Sarvey) who entered into a transaction with one of their customers might have some competing claim to those same funds.  The transactions at issue subjected Bonfitto Trading and Bonfitto to substantial market risk.  They were legally entitled to be compensated for being subjected to that risk and acted in an entirely proper and legal way to protect those rights.  On these facts, neither the law nor equity support the CFTC's position that it can embroil the Relief Defendants in this litigation through the wholly inapplicable device of the "relief" defendant exception to subject matter jurisdiction.

WHEREFORE, the Relief Defendants Bonfitto Trading and Bonfitto respectfully request that this Court enter an order dismissing the Complaint in its entirety with respect to them and awarding such other, further and different relief as this Court deems just, equitable and proper.

Dated: April 25, 2008

`                                        Respectfully submitted,

**LAWRENCE-BONFITTO TRADING
COMPANY AND JOSEPH J. BONFITTO**


By:   s/Charles J. Risch
         One of their attorneys

John D. Ruark, Esq. (6209905)
Charles J. Risch, Esq. (6183465)
LAWRENCE, KAMIN, SAUNDERS &UHLENHOP, L.L.C.
300 S. Wacker Drive, Suite 500
Chicago, Illinois
(312)-372-1947

## CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing RELIEF DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS to be served upon the following:

**To:** Camille M. Arnold
Scott Robert Williamson
Susan J. Gradman
U.S. Commodity Futures Trading
   Commission
525 West Monroe Street
Suite 1100
Chicago, IL 60601

Scott E. Early
Lisa L. Tharpe
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, IL 60601

via electronic filing on April 25, 2008.

                                                                  s/Charles J. Risch

John D. Ruark, Esq. (6209905)
Charles J. Risch, Esq. (6183465)
LAWRENCE, KAMIN, SAUNDERS
  & UHLENHOP, L.L.C.
300 South Wacker Drive
Suite 500
Chicago, IL 60606
(312) 372-1947