IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD C. SARVEY and<br>DAVID G. SKELENA,<br><br>Defendants,<br><br>LAWRENCE-BONFITTO TRADING COMPANY, and<br>JOSEPH J. BONFITTO,<br><br>Relief Defendants,<br><br>SUSAN SARVEY,<br><br>Movant-Intervenor | Case No.  08 C 0192<br><br>Judge Kendall<br><br>Magistrate Judge Ashman |

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
FOR THE LIMITED PURPOSE OF CLARIFYING
THE CONSENT ORDER OF PRELIMINARY INJUNCTION**

NOW COMES Movant-Intervenor Susan Sarvey ("Susan"), by and through her counsel, Gozdecki & Del Giudice, LLP, and hereby respectfully requests this Court grant her Motion for Leave to Intervene for the Limited Purpose of Clarifying the Consent Order of Preliminary Injunction.  In support thereof, Susan states as follows:

1.      On February 15, 2008, this Court entered a Consent Order of Preliminary Injunction and Other Equitable Relief Against Defendants Edward C. Sarvey and David G. Sklena ("Consent Order"), which, *inter alia*, enjoined Mr. Sarvey and Mr. Sklena from "[t]ransferring, selling, or disposing of any membership interests in CME Group, Inc" ("CME"). (*See* the Consent Order at § III(3)(C), attached as Exhibit A.)

2.     Mr. Sarvey and Susan were legally separated in July 2007, and currently they are attempting to finalize their divorce. (*See* Judgment for Legal Separation and Legal Separation Settlement Agreement ("Judgment") entered on July 10, 2008, attached as Exhibit B.)[1]

3.     Pursuant to the Judgment and the terms of the Sarveys' legal separation, Susan was granted sole custody of the Sarveys' two children, and Susan was allocated certain property, including, *inter alia*, half of the Sarveys' 24,000 shares of the Chicago Board of Trade ("CBOT") stock ("Shares"), or 12,000 shares.[2] (*See* Exs. B and C at §§ 3.2, 9.3.) Additionally, Mr. Sarvey was ordered to transfer the Shares to Susan within thirty (30) days of entry of the Judgment. (Exs. B and C at § 9.3(A)(ii).)

4.     On October 17, 2007, pursuant to the Judgment, Mr. Sarvey requested that Fortis Clearing Americas, LLC ("Fortis"), the clearing entity that Mr. Sarvey utilized to clear his trading positions, issue to Susan the Shares, and to move the Shares from Mr. Sarvey's Fortis Clearing Account to Susan's account with another financial entity. (*See* Letter from E. Sarvey to Fortis (Oct. 17, 2007), attached as Exhibit D.)

5.     On October 22, 2007, the Shares were issued to Susan as the sole owner. (*See* a copy of Susan's certificate for 4,500 shares of CME stock ("Certificate"), attached as Exhibit E.) Indeed, Mr. Sarvey has no ownership interest in Susan's Shares, which is evidenced by the court Order entered on May 12, 2008 stating, in pertinent part, that "[Mr. Sarvey] has no right, title, interest or claim to Susan's [S]hares." (*See* May 12, 2008 Order, attached as Exhibit F.) Further, Mr. Sarvey executed a declaration, under penalties set forth in Section 1-109 of the Illinois Code

---

[1]     Subsequent to the court's entry of Judgment, in September 2007, the court entered a Corrected Judgment for Legal Separation ("Corrected Judgment"), which, for purposes of this Motion, is substantially similar in its terms. (A copy of the Corrected Judgment and accompanying Order are attached as Exhibit C.)

[2]     On or about July 12, 2007, CBOT and the Chicago Mercantile Exchange merged to form a new entity, and thus, Susan's shares of CBOT stock were converted into 4,500 shares of CME stock.

of Civil Procedure, stating that he "has no right, title, interest or claim" to the Shares and that the Shares were transferred to Susan pursuant to the Judgment.  (*See* Decl. of E. Sarvey, attached as Exhibit G.)

6.      Despite Susan being neither a named defendant in the above-captioned matter, nor an enjoined party under the Consent Order, and despite the fact that Susan's Shares are clearly not subject to the Consent Order, Fortis and the U.S. Commodity Futures Trading Commission ("CFTC") have improperly frozen Susan's Shares.

7.      In an effort to resolve this issue and to avoid burdening the Court with the present Motion, Susan and her attorneys have discussed this matter with both Fortis and CFTC on numerous occasions via telephone, written correspondence, and e-mail. (*See, e.g.*, Letter from R. Del. Giudice to C. Arnold, S. Early & L. Tharpe (July 29, 2008) (the most resent letter correspondence between the parties), attached as Exhibit H.)  Moreover, Susan has provided Fortis and CFTC with all requested documentation, including the Judgment and above-mentioned court Orders.  Under the circumstances, Susan is constrained to file this Motion to intervene so that the Court may clarify that Susan's assets, specifically the Shares, are not affected by the injunctive relief granted pursuant to the Consent Order, and thus, Fortis and CFTC have no viable reason to assert this Court's Orders prevent the release of Susan's Shares.

8.      Susan has been forced to rely upon the Shares to support herself and her children, and due to Fortis' and CFTC's improper refusal to release her Shares, Susan has been forced to borrow money from her family to support herself and her children. (*See* Aff. of S. Sarvey at ¶¶ 10-13, attached as Exhibit I.)

9.      Susan may intervene in this action as a matter of right because she has an interest in the property, her Shares, that CFTC and Fortis claim is subject to the Consent Order. *See* Fed. R. Civ. P. 24(a)(2).  Unless Susan intervenes, this action will continue to impair or impede her

ability to protect her interests because no existing party adequately represents that interest. *See id.* Alternatively, this Court should grant Susan leave to intervene in this action because she has "a claim or defense that shares with the main action a common question of law or fact" – that the Consent Order did not contemplate freezing or otherwise affecting Susan's Shares, nor any other asset or interest of Susan's, as Fortis and CFTC have claimed. *See* Fed. R. Civ. P 24(b); *c.f. Pub. Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783, 785 (1st Cir. 1988) (noting non-party intervention is frequently allowed to challenge a protective order). Significantly, Susan's intervention in this action is limited and will not unduly delay or prejudice the adjudication of the original parties' rights.

10.    Thus, the clarification of the scope of the Consent Order, which currently affects Susan's rights and interests, is proper grounds for granting leave to intervene.

11.    Denying intervention under these circumstances would greatly prejudice Susan and her children. (*See* Ex. I at ¶¶ 12-13.) To be sure, Fortis' and CFTC's wrongful refusal to release Susan's stock has already caused her to sustain large losses because she was unable to sell any of her Shares of CME, which have continued to lose a large percentage of their value since the time she first requested the release of her Shares. (*See* Fortis Securities Transfer Mailing (Oct. 29, 2007) and Fortis Statement of Account (Mar. 31, 2008) (showing CME stock declined in value approximately $850,000 over that time period), attached as Exhibit J.)

12.    Because the premises for this Motion are fully set forth herein, no separate memorandum of points and authorities in support of intervention has been submitted. However, Susan has attached her Motion to Clarify the Consent Order of Preliminary Injunction as Exhibit K.

WHEREFORE, Movant-Intervenor Susan Sarvey respectfully requests that the Court:

a.    Grant Susan's Motion for Leave to Intervene for the Limited Purpose of

Clarifying the Consent Order of Preliminary Injunction;

b.   Order that Susan's Motion to Clarify the Consent Order of Preliminary Injunction

be filed in the record and docketed by the Clerk; and

c.   Grant such other and further relief as the Court deems just and proper.


Dated:  August 5, 2008                                   SUSAN SARVEY



                                        BY:   /s/ Richard A. Del Giudice
                                              One of her Attorneys



Richard A. Del Giudice (ARDC #6190103)
John K. Burnett III (ARDC # 6285845)
**GOZDECKI & DEL GIUDICE, LLP**
221 North LaSalle Street
Suite 2200
Chicago, IL  60601
312.782.5010 (tel.)
312.782.4324 (fax)
ATTORNEYS FOR SUSAN SARVEY